DOUCET, Judge.
Appellee-defendant denied its insured coverage for a collision, relying on the contract’s “valid drivers license” exclusion. Suit followed whereupon judgment was rendered in defendant’s favor. Plaintiff appeals. We perceive no ambiguity in the clause in question and, accordingly, affirm.
Clifton Jack, plaintiff-appellant, initiated this suit against Adriatic Insurance Company, appellee, seeking benefits pursuant to the parties’ contract of collision insurance, due to damage to his truck incurred while his wife was driving in a parking lot. In addition to property damages plaintiff sought recovery of statutory penalties and attorney’s fees.
The facts surrounding the case are undisputed. The accident occurred on May 10, 1981, when plaintiff’s wife, Mary W. Jack, hit a parked, unoccupied car in a parking lot adjacent to a store in Evangeline Parish, Louisiana. It was stipulated that Mrs. Jack did not possess a Louisiana Driver’s License at the time of the accident. She was not listed as an insured under the policy in question.
The trial judge dismissed plaintiff’s suit. From that judgment plaintiff has perfected *1293 the present appeal maintaining that the policy is ambiguous and thus must be construed to afford coverage.
Adriatic attempts to escape coverage by virtue of “Exclusion (i)” which states:
“Loss to the automobile which occurs while it is being operated by any person who does not possess a valid driver’s license at the time of loss.”
Appellant claims the term “operated” in the aforementioned clause is ambiguous and questions whether such a term would extend to a stationary vehicle wherein the occupant is merely listening to the radio. We need not respond to such a hypothetical question as the evidence discloses the vehicle was being driven by Mrs. Jack. We consider “operate” to include driving and believe persons of ordinary intelligence would reach the same conclusion. As applied, “operate” is not ambiguous.
It is also said that the term “valid driver’s license” is ambiguous. The record reveals no license, valid or otherwise, in the driver’s possession or otherwise, current or expired, from Louisiana or elsewhere. None.
Although the contract appears to be one of adhesion, we find no grounds to spare plaintiff of the terms to which he has bound himself. Policies of insurance are contracts between the parties, and as such they are the law between them, unless contrary to statutory law or public policy. Fontenot v. New York Life Insurance Company, 357 So.2d 1185 (La.App.3rd Cir.1978); writ denied 359 So.2d 622 (La.1978). The exclusion complained of violates neither express law nor public policy. The requirement arguably bears some relationship to risk. We discern no ambiguity in the term “valid driver’s license”, as applied to the facts herein. Furthermore, application of the exclusion clause to the case at bar leads to no absurd results, rather the result is that “bargained” for.
For the reasons set forth hereinabove, the judgment is affirmed at appellant’s cost.
AFFIRMED.