664 So.2d 807 (1995)
Evans CORMIER, Plaintiff-Appellant,
v.
AMERICAN DEPOSIT INSURANCE COMPANY, et al., Defendants-Appellees.
No. 95-865.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*808 Norman Jefferson Thigpen, Lake Charles, for Evans Cormier.
Stephen A. Berniard Jr., Lake Charles, for American Deposit Insurance Company, et al.
Before DOUCET, C.J., and COOKS and PETERS, JJ.
COOKS, Judge.
Plaintiff appeals the trial court's grant of defendants' motion for summary judgment. We find defendants are not entitled to summary judgment as a matter of law and reverse.

FACTS
Mari Brown, fourteen-years-old and unlicensed, was driving her mother's vehicle on July 31, 1993 when she ran a stop sign and collided with a vehicle driven by Evans Cormier, plaintiff. Beverly Brown, Mari's mother, owned the vehicle and was riding with Mari at the time of the accident. The vehicle was insured by American Deposit Insurance Company (American). Cormier filed suit for personal injury and property damages against Beverly Brown and her insurer.
American filed a motion for summary judgment seeking dismissal of Cormier's claims citing a policy exclusion. The exclusion states the policy shall not apply when bodily injury or property damage is caused by an unlicensed driver or a person under the minimum age required to obtain a license in the state where the car is registered. Ms. Brown's vehicle was registered in Louisiana. Mari did not have a driver's license, and she had not attained the legal age required to obtain a license in Louisiana at the time of the accident. The trial court granted defendants' motion for summary judgment, and Cormier appeals.

DISCUSSION
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Ouachita Nat'l Bank in Monroe v. Gulf States Land & Dev. Inc., 579 So.2d 1115 (La.App. 2 Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La.1981). The interpretation of an insurance contract is usually a legal question that can be properly resolved by means of a motion for summary judgment. Saffel v. Bamburg, 478 So.2d 663 (La.App. 2 Cir.1985), writ denied, 481 So.2d 1335 (La. *809 1986); Bergquist v. Fernandez, 535 So.2d 827 (La.App. 2 Cir.1988). The clear and unambiguous provisions of an insurance policy are entitled to enforcement. Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App. 2 Cir.1982), writ denied, 427 So.2d 1212 (La. 1983).
American contends its policy exclusions are lawful extensions of the statutory requirements for the operation of a vehicle. American asserts public policy is not violated by its exclusions for conduct that is criminal in nature. La.R.S. 32:52 and 32:402(A) prohibit any party from driving or operating a vehicle in this state unless he or she has a license. La.R.S. 32:52 also prohibits a person from permitting any party to drive his or her vehicle if that party does not have a license. Anyone violating La.R.S. 32:52 is subject to criminal sanctions under La.R.S. 32:57. Cormier, however, argues American's exclusion clauses violate the omnibus liability provision, La.R.S. 32:900(B)(2).
The purpose of compulsory liability insurance is to provide compensation for persons injured by the operation of insured vehicles, not to protect the owner or operator against liability. Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2 Cir.1983), writs denied, 440 So.2d 528 and 440 So.2d 754 (La.1983). The legislature enunciated public policy concerning the purpose of liability insurance in La.R.S. 22:655(D), which provides in pertinent part that liability insurance policies
are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
(Emphasis added.)
American also cites Jack v. Adriatic Ins. Co., 420 So.2d 1292 (La.App. 3 Cir.1982). In that case, the court found the insurer could exclude coverage for an unlicensed driver. However, American's reliance on Jack, 420 So.2d 1292 is misplaced. The insurance policy at issue in Jack excluded coverage for unlicensed drivers, but the coverage at issue was collision, not liability. Therefore, the court was not required to consider the applicability of the omnibus provision contained in La.R.S. 32:900(B)(2), which states liability policies

[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles in the United States of America....
The omnibus provision insures those who have the named insured's permission to drive. American, citing State Farm v. Casualty Reciprocal Exchange, 600 So.2d 106 (La. App. 2 Cir.1992), asserts its exclusion provision does not violate the omnibus provision. In State Farm, 600 So.2d 106, the court found that an unlicensed fourteen-year-old was not covered by the omnibus provision. However, the driver in that case did not have the named insured's, his grandmother, permission to drive the vehicle involved in the accident. Mari, on the other hand, had her mother's permission to use the vehicle.
Considering the public policy voiced by the legislature when enacting La.R.S. 22:655 and the specific omnibus provision, we conclude American cannot escape liability arising from the permissive operation of a vehicle registered in this state notwithstanding its express policy exclusion of coverage for an unlicensed driver or a driver who has not yet attained the age required to obtain a license in this state. See also Williams v. Forbes, 94-640 (La.App. 5 Cir.1/18/95); 650 So.2d 337.
For the foregoing reasons, the trial court's judgment granting defendants' motion for summary judgment is reversed. This matter is remanded for further proceedings. Costs are assessed to defendants.
REVERSED AND REMANDED.