JiBYRNES, Judge.
Plaintiffs, Deborah Mayer, wife of/and Walter Mayer and Linda Mixon wife of/and Jerry Mixon, filed suit following a ear accident February 7, 1997. Named as defendants were the driver of the other car, defendant Joel Laniri (Laniri); the insurer of that car, American Deposit Insurance Company, relator herein; and the plaintiff driver’s UM Carrier, State Farm. The relator, American Deposit Insurance Company, filed a motion for summary judgment arguing a policy exclusion for uninsured drivers. That exclusion states that the policy will not apply to, “Bodily injury or property damage caused by your insured car if driven by an unlicensed driver ...”
The driver of the offending vehicle, the defendant Joel Laniri, lives at home with his mother who is the owner of the vehicle. Laniri was allegedly on an errand for her at the time of the accident. The relator, American Deposit, supported its motion for summary judgment with three documents in an attempt that Laniri’s driver’s license had expired. First, relator presented Laniri’s statement to relator’s claims adjuster that his driver’s license had expired in May of 1996, that it simply needed to be renewed, that he did not know it had expired, and that he thought the license was good until May of 1998. ^Plaintiffs’ opposition to the motion in the trial court challenges this statement on the basis that it was not under oath. Second, relator presented an affidavit of the adjuster that she had recorded Laniri’s statement. Plaintiffs’ opposition to the motion filed in the trial court challenges this affidavit on the basis that it is hearsay and not based on first hand knowledge as required. Third, relator presented a certified copy of Laniri’s driving record from the Department of Motor Vehicles establishing that his license had indeed expired on May 29, 1996. Plaintiffs’ opposition to relator’s motion did not challenge this document. Respondent, State Farm opposed *534 relator’s motion in the trial court on the basis that as a matter of law the policy exclusion did not apply to expired drivers licenses. The trial court denied American Deposit’s motion for summary judgment without written reasons. Therefore, we cannot tell with certainty whether the decision of the trial court was. grounded in fact, law, or both. American Deposit brought this writ application seeking to have this Court review the denial of its motion for summary judgment.
The only opposition to the relator’s application was filed by State Farm Mutual Automobile Insurance Company. State Farm acknowledged that Laniri was driving with an expired license.
Relator bases its argumentan this court’s opinion in American Deposit Insurance Company v. Gillespie, 96-2246 (La.App. 4th Cir. 11/27/96), 684 So.2d 661. In Gillespie, the same relator as in this case sought this Court’s supervisory jurisdiction to review the denial of a motion for summary judgment based on the same exclusion. This Court reversed, holding that the unlicensed driver exclusion is not an impermissible user exclusion: rather it is a permissible risk exclusion in that it is equally applicable to the named insureds and the permissive users.
Gillespie is dispositive of the instant case if this Court decides that a driver driving with an expired license is an unlicensed driver. Respondent |3argues that the “expired” and “unlicensed” are not the same. Respondent suggests that the expired license is wanting only renewal, a mere perfunctory clerical task. In Gillespie the license in question was not expired, but suspended. In Gillespie this Court noted the public policy mandating liability insurance for all motor vehicles operated in this state. However, this Court also noted “this state’s policy that no person shall operate a vehicle on its highways without having been issued a valid driver’s license, nor shall any person permit or allow an unlicensed driver to operate any vehicle owned or controlled by him. La. R.S. 32:52.- ” Id. at 563. LSA-R.S. 32:412G also makes it clear that it is against public policy to drive with an expired license. Following the reasoning of Gillespie this would offset the public policy mandating liability insurance for all vehicles operated in this state. Id. at 563.
Respondent argues that:
It would be difficult to expect every owner to go around checking to make sure that any permissive user had a current driver’s license before allowing that individual to drive a car.
That is not a valid basis for distinguishing Gillespie. This Court noted in Gillespie, at 563, that:
[T]he exclusion also comports with the prohibition of loaning one’s vehicle to an unlicensed driver. Omnibus coverage is triggered when the owner gives permission to the user. Giving permission to an unlicensed driver is illegal.
Thus, Gillespie puts the responsibility for determining that the driver is properly licensed on the party who grants permission to use the vehicle in conformity with LSA-R.S. 32:52, regardless of how difficult that might be as a practical matter.
Having said all of this, this Court is confronted with the spectre of the driver who, without realizing it, allows his license to expire. Years ago, the |4renewal of driver's licenses was an annual birthday ritual event, which for that reason was probably easier to remember. Now that licenses are good for several years it is easy to see how the need to renew could more readily recede from one’s mental horizon. We do not believe that when American Deposit issued this policy that it intended its exclusion to. cover such an innocent oversight, i.e., we do not believe that the exclusion was intended to apply to expired licenses as a class.[1] More importantly, we do not believe that a reasonable policy holder purchasing the policy would expect such an exclusion to apply. We see a qualitative difference between a driver with an expired license and a driver whose license has been suspended, or revoked or who nev *535 er had a license in the first place. As we do not believe that the exclusion was intended to apply to expired licenses as a class, we do not feel that it would be appropriate to inquire into the nature of the expiration on an individual basis.
The purpose of the omnibus clause is to cover liability arising out of the ownership and use of an automobile. Such liability usually will arise out of the violation of one of the many statutes and ordinances governing the rules of the road.[2] For example, it is illegal to fail to stop on signal or at required places; to drive without adequate brakes, horns, and headlights; to drive in the wrong direction down a lane or street; to turn where prohibited; and to drive at a dangerous or prohibited rate of speed. All such violations of driving laws are against public policy. To suggest that automobile liability policies may contain across the board exclusions for all acts that are illegal or against public policy | gwould render automobile liability coverage illusory. Therefore, we decline to extend Gillespie beyond its facts.
For the foregoing reasons we deny the relief requested by the relator and affirm the judgment of the trial court. Accordingly, we remand for further proceedings.

WRIT GRANTED; RELIEF DENIED.

LANDRIEU, J., dissents with reasons.

. By this we mean that we do not believe that American Deposit intended to engage in the cumbersome and impractical and almost certainly futile exercise of trying to prove after the fact what the intentions of the driver were regarding the expired license every time such a situation were to arise.

. Long, The Law of Liability Insurance, Vol. I, Sec. 3.23.