JiBYRNES, Judge.
Sherry Adams and Terry Bryant filed suit for injuries they received in an automobile accident on July 17,1996, when the vehicle in which they were passengers was struck by a van driven by George Michler. The van was registered to Michler’s wife Lynn, and it was insured by Regal Insurance Company (Regal). Michler’s driver’s license expired approximately two years prior to the time of the accident, and he was not listed on the Regal policy as an additional insured. The trial court granted Regal’s motion for summary judgment on the claims brought against it by Adams and Bryant based on an exclusion in the policy that excluded coverage when the insured vehicle was being driven by a person who did not have a valid driver’s license. A cross-claim was filed against Regal by William Thomas, the driver of the car in which Adams and Bryant had been passengers, and Kelly Thomas, the owner of that car. Regal filed a second motion for summary judgment, asserting the same grounds for judgment as the prior motion, seeking dismissal of the cross-claim; but, the trial court denied the motion.
Regal has applied to this Court for supervisory writs asking this Court to reverse the judgment of November 21, 1997 denying Regal’s motion for ^summary judgment against the Thomases and also asking this Court to reverse the judgment of March 3,1998, denying Regal’s motion for reconsideration and for new trial, and instead render judgment dismissing the Thomases’ cross-claim against Regal with prejudice. The irreconcilably inconsistent and contradictory decisions of the trial court in disposing of Regal’s two motions for summary judgment, both of which were based on identical issues of fact and law, combined with the fact that the success of Regal’s application will terminate the litigation as to that party, prompted this Court to exercise its supervisory jurisdiction.
There are no real issues of fact in this case, only questions of law. It is undisputed that George Michler knew that his license had expired approximately two years prior to the accident. He acknowledged having been turned down in an attempt to renew it. Michler also admitted that he drove as little as possible for fear of being ticketed for having an expired license. Unquestionably, Michler knew that his license had expired long before the accident and he knew that it was against the law to drive under the circumstances — but he drove anyway.
In American Deposit Ins. Co. v. Gillespie, 96-2246 (La.App. 4th Cir.11/27/96), 684 So.2d 561, the insurer filed a petition for declaratory judgment and a motion for summary judgment on the grounds that its policy excluded coverage for an unlicensed driver, whose license had been suspended several years pri- or to the accident at issue. The trial court held that the exclusion violated the public policy that mandated liability coverage for all motor vehicles. This court granted the insurer’s writ application and reversed the trial court’s ruling. This court stated:
No doubt public policy mandates liability insurance for all motor vehicles operated in this state. However, it is also this state’s policy that no person shall operate a vehicle on its highways without having been *691 issued a valid driver’s license, nor shall any person permit or. allow an unlicensed driver to operate any vehicle downed or controlled by him. La. R.S. 32:52. The “unlicensed driver” exclusion is in accord with the latter policy because it presumably is an incentive to keep the unlicensed drivers off the highways of this state. Further, the exclusion also comports with the prohibition of loaning one’s vehicle to an unlicensed driver. Omnibus coverage is triggered when the owner gives permission to the user. Giving permission to an unlicensed driver is illegal. Thus to permit coverage of the unlicensed permissive user would be tantamount to sanctioning two illegal acts, driving without a license and loaning a vehicle to an unlicensed driver.
In addition, the 1992 amendment to R.S. 32:900 does not imply that where a named household member is excluded from coverage by agreement between the insured and insurer, coverage is still mandated when that excluded member uses the insured’s vehicle with the owner’s permission. Such a result would be a total contradiction and ridiculous. Likewise, to permit an insurer to obtain an additional premium by covering a licensed driver who poses an extra risk, but yet be forced to cover, with no additional premium, an unlicensed driver who possibly poses a greater risk because he had the “legal” permission of the owner would also be a contradiction and an inequitable result. Surely that cannot be the result intended by our compulsory insurance laws.
Id. at pp. 3-4, 684 So.2d at 563.
However, two cases from other circuits reached the opposite conclusion and held that an exclusion for unlicensed drivers violated public policy and the statutory omnibus liability provision of La. R.S. 32:900(B)(2). In Cormier v. American Deposit Ins. Co., 95-865 (La.App. 3d Cir.12/6/95), 664 So.2d 807, the Third Circuit held that the insurer could not exclude coverage for an underage and unlicensed driver who had the owner’s permission to drive the insured vehicle. In Williams v. Forbes, 94-640 (La.App. 5th Cir.1/18/95), 650 So.2d 337, which was cited as support by the court in Cormier, the Fifth Circuit held that an insurer could not legally exclude coverage for an unlicensed driver who had permission to drive the insured vehicle. The court stated that public policy, as enacted in La. R.S. 32:900(B)(2), did not permit the exclusion ■ of an entire class of persons, who had permission of the vehicle owner, but who did not have a valid driver’s license, in the wholesale manner attempted by the. insurer.
|4In Mayer v. Laniri, 97-2535 (La.App. 4th Cir.3/11/98), 712 So.2d 533, this Court refused to apply the unlicensed driver exclusion where the driver’s license had expired approximately six months prior to the accident. The driver in Laniri contended that he was unaware of the fact that his license had expired:
Now that licenses aré good for several years it is easy to see how the need to renew could more readily recede from one’s mental horizon. We do not believe that when American Deposit issued this policy that it intended its exclusion to cover such an innocent oversight, i.e., we do not believe that the exclusion was intended to apply to expired licenses as a class. [Footnote one omitted here — quoted hereafter] More importantly, we do not believe that a reasonable policy holder purchasing the policy would expect such an exclusion to apply. We see a qualitative difference between a driver with an expired license and a driver whose license has been suspended, or revoked or who never had a license in the first place. . As we do not believe that the exclusion was intended to apply to expired licenses as a class, we do not feel that it would be appropriate to inquire into the nature of the expiration on an individual basis.
Laniri, p. 4, 712 So.2d at 535.
In footnote “1” this Court went on to explain that:
By this we mean that we do not believe that American Deposit intended to engage in the cumbersome and impractical and almost certainly futile exercise of trying to prove after the fact what the intentions of the driver were regarding the expired li *692 cense every time such a situation were to arise.

Id.

The uncontested facts surrounding Mi-chler’s failure to renew are so egregious that, unlike in Laniri, we find that there is no qualitative difference between the expiration of Michler’s license and the driver whose license has been suspended, or revoked or who never had a license in the first place. Therefore, under the facts of this case American Deposit applies, not Laniri. | ¡Accordingly, the Regal policy provision excluding coverage for drivers without a valid license applies.
We recognize that the result reached in this case as well as the decision in American Deposit, upon which it is based, appears to conflict with the decisions found in Cormier v. American Deposit Ins. Co., 95-865 (La. App. 3 Cir. 12/6/95); 664 So.2d 807, and Williams v. Forbes, 94-640 (La.App. 5 Cir. 1/18/95); 650 So.2d 337. With all due respect to our brethren in these other circuits we consider the result in American Deposit to be the correct one. Furthermore, since American Deposit represents the current state of the law in this circuit, we follow it in preference to conflicting decisions from other circuits.
Considering the foregoing, the judgments of the trial court complained of herein by relator are reversed, and judgment is rendered in favor of the relator, Regal Insurance Company, and against the respondents-plaintiffs-in-cross-claim, William and Kelly Thomas, dismissing Regal Insurance Company from this suit at respondents’ cost.

WRIT GRANTED; JUDGMENTS REVERSED AND RENDERED.