729 So.2d 1041 (1999)
Sherry ADAMS and Terry Bryant
v.
William THOMAS, Kelly Thomas, George Michler, Lynn Michler, et al.
Steven Searcy and Barbara H.Smith
v.
Automotive Casualty Insurance Company, Kenyetta Brown and State Farm Mutual Automobile Insurance Company.
Nos. 98-CC-2003, 98-C-2005.
Supreme Court of Louisiana.
April 13, 1999.
Dennis C. Kronlage, New Orleans, for Applicant (No. 98-CC-2003).
Robert G. Harvey, St., Harvey, Jacobson, Corrington, New Orleans; Pierre M. Legrand, Ungarino & Eckert, Metairie; Paul M. Donovan, Donovan & Lawler, Metairie, for Respondent (No. 98-CC-2003).
Mr. and Mrs. George Michler, in proper person (No. 98-CC-2003).
Thomas G. Buck, George C. Aucoin, Jr., Blue Williams, Metairie, for Applicant (No 98-C-2005).
William R. Mustian, III, Geoffrey P. Clement, Duplass, Zwain & Bourgeois, Metairie; C. Gordon Johnson, Jr., James R. Nieset, Jr., New Orleans, for Respondent (No. 98-C-2005).
MARCUS, Justice.[*]
We granted certiorari in these cases and consolidated them for hearing solely to determine whether an automobile liability insurer can exclude coverage to the insured or a person driving the insured's vehicle with his or her permission if that person does not have a valid driver's license.

*1042 FACTS AND PROCCEDINGS BELOW IN 98-CC-2003

Sherry Adams and Terry Bryant were guest passengers in a vehicle driven by William Thomas when it was struck by a vehicle owned by Lynn Michler and operated by her husband, George Michler. The Michler vehicle was insured under an automobile liability policy issued by Regal Insurance Company (Regal) to Lynn Michler. Adams and Bryant filed suit for damages against the Michlers, Regal (incorrectly named as Windsor Insurance Group), and William and Kelly Thomas and their insurer, Allstate. Regal filed a motion for summary judgment asserting that the vehicle listed in the policy of Lynn Michler excluded coverage "if driven by a person who does not have a valid driver's license or by a person under the minimum age required to obtain a license...." Regal contended that Mr. Michler was driving the van with his wife's permission but he had an expired driver's license.[1] The trial judge granted the motion for summary judgment and dismissed plaintiffs' claims against Regal with prejudice. No appeal was taken from that judgment.
When the Thomas' subsequently filed a cross-claim against Regal, Regal again filed a motion for summary judgment arguing no coverage for the same reasons. A different trial judge denied Regal's motion for summary judgment. Regal applied for writs to the court of appeal. The court of appeal granted writs and reversed, finding that the Regal policy provision excluding coverage for drivers without a valid license applied and dismissed Regal from the lawsuit.[2] We granted certiorari to review the correctness of that decision.[3]

FACTS AND PROCEEDINGS BELOW IN 98-C-2005
Steven Searcy and his wife, Barbara Smith, were injured when Kenyetta Brown ran a stop sign and collided with the vehicle owned by Mrs. Smith and being driven by Mr. Searcy. The vehicle operated by Kenyetta Brown was owned by her mother, Denise Brown, and was insured under an automobile liability policy issued by Automotive Casualty Company (Automotive). Searcy and Smith filed suit against Kenyetta Brown, Automotive, and their uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, for personal injuries and property damage to the vehicle. Automotive answered denying coverage on the grounds that Kenyetta Brown did not have permission, either express or implied, to operate her mother's vehicle, and that she was not covered under the policy because its coverage extended only to persons with a valid driver's license who were using the covered auto with the insured's permission.[4] After trial on the merits, judgment was rendered in favor of Steven Searcy and Barbara Smith and against Automotive and Kenyetta Brown in the amounts of $6,362.27 and $5,869.05 respectively plus legal interests and costs.[5] The trial judge found that Kenyetta Brown was an omnibus insured under the Automotive policy because she was not only authorized but instructed by her mother to use the automobile on the date of the accident. Automotive appealed. The court of appeal affirmed, finding that Kenyetta Brown was an insured under the omnibus provisions of the policy because she was driving the vehicle with her mother's permission notwithstanding the fact that she did not have a valid *1043 driver's license.[6] We granted certiorari to review the correctness of that decision.[7] Our task is to reconcile the conflicting results presented by these two cases as well as other prior decisions of the courts of appeal that have addressed the issue.

DISCUSSION
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. Simms v. Butler, 97-0416 (La.12/2/97), 702 So.2d 686; Hearty v. Harris, 574 So.2d 1234 (La.1991). Every owner of a motor vehicle is required to obtain proof of security prior to registration and/or the issuance of a driver's license. La. R.S. 32:861(A)(1) & (2); 32:862(C) & (D). One method of complying with this requirement is to obtain an automobile liability policy. La. R.S. 32:861(A)(1). La. R.S. 32:861(A)(1) mandates that all such automobile policies include liability limits as defined by La. R.S. 32:900(B)(2), commonly known as the statutory omnibus clause. It provides that:
B. Such owner's policy of liability insurance:
* * * * * *
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership ... of such motor vehicle....
Insurance policies issued in this state are considered to contain all provisions required by statute. Accordingly, La. R.S. 32:900(B)(2) is incorporated into every policy of insurance to which it is applicable, as if it were written in the policy itself. Simms, 702 So.2d at 688. Insurance policies should be generally construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148 (La.1993). An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Block v. Reliance Ins. Co., 433 So.2d 1040, 1044 (La.1983).
The legislature has enunciated public policy concerning the purpose of liability insurance in La. R.S. 22:655(D) which provides, in pertinent part, that "all liability policies... are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy." The purpose of the compulsory automobile liability insurance law is not to protect the owner or operator against liability but to provide compensation for persons injured by the operation of insured vehicles. Couch, Cyclopedia Of Insurance Law, Vol. 12A, § 45:682 (2d ed.1981); Cormier v. American Deposit Ins. Co., 95-865 (La.App. 3d Cir.12/6/95), 664 So.2d 807; Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2d Cir.), writ denied, 440 So.2d 754 (La.1983).
Our brethren of the fourth and fifth circuits in the cases presently before us reached conflicting results when addressing the issue of whether an automobile liability insurer can exclude coverage to the insured or a person driving the insured's vehicle with his or her permission if that person does not have a valid driver's license. The fourth circuit in Adams, in upholding the exclusion, reasoned that giving permission to an unlicensed driver to use an automobile is a violation of La. R.S. 32:52, which provides that no person shall operate a vehicle on Louisiana highways without having been issued a valid driver's license, nor shall any person permit or allow an unlicensed driver to operate any vehicle owned or controlled by him. Thus, to provide coverage to the unlicensed permissive user would be tantamount to sanctioning two illegal acts, driving without a license and loaning a vehicle to an unlicensed driver. *1044 Adams, 715 So.2d at 690-91.[8] The fifth circuit in Searcy found coverage under the policy and reasoned that the exclusion of an entire class of drivers who have the permission of the owner and who would otherwise be covered under the omnibus clause in the policy is an impermissible restriction on the requirement set out in La. R.S. 32:900(B) and is unenforceable.[9]
We conclude that an exclusion in an automobile liability policy, or a definition of coverage that excludes the named insured and anyone driving the insured vehicle with the permission of the named insured who has an invalid driver's license, contravenes the purpose of La. R.S. 32:900(B)(2) and La. R.S. 22:655(D) which is to provide compensation for persons injured by the operation of an insured vehicle. The policy provisions at issue in these two cases, if upheld, would exclude coverage of an entire class of drivers who would otherwise be covered under the omnibus clause of the insurance policies and would result in an impermissible restriction on the intent and purpose of the legislature's statutory scheme enacted to ensure that all Louisiana motorists have available to them automobile liability insurance coverage. Although the legislature has declared the acts of driving without a valid license and permitting someone else to do so to be a violation of the Louisiana Highway Regulatory Act, in particular, La. R.S. 32:52, we note that the act provides its own penalties for failure to abide by its regulations. A denial of liability insurance coverage to the injured party is not one of those penalties enunciated in the Act and we agree it should not be. Therefore, we find that the illegality of the act of driving with an invalid license does not give rise to the validity of the exclusion of insurance coverage. If we were to uphold an exclusion or deny coverage to persons with an invalid license, then an insurer may attempt to place other exclusions for violations of traffic laws and regulations in a policy, thereby diluting the purpose of the omnibus clause. Moreover, if we were to find the exclusion to be valid and enforceable, we would place an undue burden on the named insured to determine whether the prospective operator is legally entitled to operate the vehicle and would make granting of permissive use a difficult if not impossible task. This would be particularly true in an emergency situation. We think the better focus, and that intended by the legislature, is on the injured party who is the victim of the negligence of the driver with the invalid license, and we think that the purpose of automobile liability coverage should be the protection of that person.
The determination of what is an acceptable exclusion in an insurance policy is up to the legislature, and if it wishes to carve out an exclusion of drivers with an invalid license or under-age drivers or drivers with revoked but not expired licenses from the requirement of compulsory insurance, then it can expressly do so. The legislature did allow for a specific exclusion when it enacted La. R.S. 32:900(L) which provides that "notwithstanding the provisions of paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured." In upholding the insurer's exclusion *1045 of the child of the insured, the court in Carter v. Patterson Ins. Co., 96-0111 (La. App. 4th Cir. 5/22/96), 675 So.2d 736, 740, writ denied, 96-1639 (La.10/4/96), 679 So.2d 1384 stated:
Thus, we have no doubt that the 1992 amendment now permits an agreement between the insurer and insured excluding coverage of a particular named person who is a member of the insured's household.... The legislature has declared that excluding a named driver, who is a member of the insured's household, does not violate the public policy which mandates omnibus liability coverage. We cannot overturn that legislative declaration.
We agree and conclude that in absence of an express legislative directive, we cannot uphold the provisions in the automobile liability insurance policies in the instant cases which exclude coverage for drivers with invalid licenses. Accordingly, we must reverse the decision of the court of appeal in Adams and affirm the decision of the court of appeal in Searcy.

DECREE
For the reasons assigned, in Adams v. Thomas, 98-CC-2003, the judgment of the court of appeal in favor of Regal Insurance Company and against William and Kelly Thomas is reversed. The case is remanded to the trial court for further proceedings. All costs are assessed against Regal.
For the reasons assigned, in Searcy v. Automotive Casualty Insurance Co., 98-C-2005, the judgment of the court of appeal is affirmed. All costs of the proceedings before this court are assessed against Automotive Casualty Insurance Company.
LEMMON, J., concurs and assigns reasons.
VICTORY, J., concurs with reasons.
LEMMON, J., Concurring.
The narrow holding in this case is that this particular policy exclusion, which denies liability coverage for any person who does not have a valid driver's license, is not valid. I join in that holding for the cogent and thorough reasons expressed in the majority opinion.
I write separately only to reserve judgment for future cases in which this court may be presented with denials of coverage based on other exclusions or definitions of coverage that have a more compelling basis than the present cases.[1] Moreover, other denials of coverage, such as those based on material misrepresentations by the insured or failure of the insured to comply with policy obligations, may present different considerations.
VICTORY, J., concurring with additional reasons.
I agree with the majority opinion, but write separately to point out that both policies of insurance involved in these consolidated cases have the minimum mandatory coverage under the La. Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043. However, I note part of that same law provides:
"Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Chapter. With respect to a policy which grants such excess or additional coverage, the term `motor vehicle liability policy' shall apply only to that part of the coverage which is required by this Section." La. R.S. 32:900(G).
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] Mr. Michler's driver's license had expired about two years prior to the accident. He had been unable to renew his license because a "flag" had been placed on his record when he sold a car he owned and did not turn in the license plate on it.
[2] 98-0868 (La.App.4 Cir.6/24/98), 715 So.2d 689.
[3] 98-CC-2003 (La. 11/4/98), 726 So.2d 914.
[4] The portions of the transcript designated for appeal along with the briefs and memorandum indicate that Kenyetta was seventeen years old at the time of the accident, did not have a driver's license and had never had a driver's license. These facts were not disputed by the parties.
[5] Plaintiffs also filed suit against their own uninsured motorist carrier, State Farm Mutual Automobile Insurance Company. State Farm filed a cross-claim against Automotive. Judgment was rendered in favor of State Farm and against Automotive and Kenyetta Brown in the amount of $4,047.08 for medical payments made by State Farm to plaintiffs.
[6] 98-63 (La.App. 5th Cir. 6/30/98), 714 So.2d 1265.
[7] 98-C-2005 (La.11/6/98), 726 So.2d 914.
[8] The fourth circuit followed its decision in American Deposit Ins. Co. v. Gillespie, 96-2246 (La.App. 4th Cir. 11/27/96), 684 So.2d 561. Another fourth circuit decision, Mayer v. Laniri, 97-2535 (La.App. 4th Cir. 3/11/98), 712 So.2d 533, writ denied, 719 So.2d 1291 (La.1998), distinguished American Deposit based upon the fact that the permissive driver in Laniri had an expired rather than a suspended license like the driver in American Deposit, noting that "[we] do not believe that when American Deposit issued this policy that it intended its exclusion to cover such an innocent oversight, i.e., we do not believe that the exclusion was intended to apply to expired licenses as a class." 712 So.2d at 534.
[9] Accord, Williams v. Forbes, 94-640 (La.App. 5th Cir. 1/18/95), 650 So.2d 337. Besides the fourth and fifth circuits, the third circuit has addressed the issue in Cormier v. American Deposit Ins. Co., 95-865 (La.App. 3d Cir.12/6/95), 664 So.2d 807 and held that an exclusion in an automobile liability policy for an unlicensed driver or a person under the minimum age to obtain a license violated the statutory requirement of the omnibus provision in the policy. See also State Farm Mutual Ins. Co. v. Landry, 96-331 (La.App. 3d Cir.10/9/96), 688 So.2d 1125 (court followed its earlier decision in Cormier but remanded the case to resolve the issue of permission).
[1] These cases involve, and most previous cases have involved, conflicts between exclusions and the omnibus clause. Denials of coverage of the named insured or of other insureds under policy definitions arguably may present different considerations.