538 So.2d 1142 (1989)
Romaine SMITH
v.
ZALE INDEMNITY COMPANY.
No. 88-CA-613.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
James H. Minge, New Orleans, for plaintiff-appellant.
Friend, Wilson & Draper, Gordon F. Wilson, Jr., Antonio Le Mon, New Orleans, for defendant-appellee.
Before CHEHARDY, GAUDIN and WICKER, JJ.
CHEHARDY, Chief Judge.
Romaine Smith appeals from a summary judgment that dismissed her petition for declaratory judgment. We affirm, for the reasons that follow.
On November 16, 1985, in a separate suit, Smith obtained a judgment in the amount of $192,500 against Willie Lewis for injuries she suffered in an automobile accident. Zale Indemnity Company, the defendant in the present case, carried a $5,000 automobile liability insurance policy on Willie Lewis. The judgment erroneously cast Zale in solido with Lewis for the entire amount of the judgment. On December 6, 1986, on appeal by Smith, this court increased the damage award to $367,500, *1143 but mentioned only Lewis in the decree. Smith v. Lewis, 499 So.2d 1350 (La. App. 5 Cir.1986), writs denied, 503 So.2d 476 (La.1987). Neither Lewis nor Zale had appealed.
On April 9, 1987, Zale filed a suit to annul the judgment against it, alleging it had not been named a defendant by plaintiff and was a party to the suit only as a third-party defendant on a third-party demand by one of the defendants in the main demand. Therefore, Zale argued, the judgment was null because Smith could not obtain judgment against a person not named in her suit. On May 27, 1987, the district court annulled the 1985 judgment as it applied to Zale; that decision was affirmed on appeal to this court. Zale Indem. Co. v. Smith, 520 So.2d 1273 (La. App. 5 Cir.1988), writ denied 521 So.2d 1187.
On September 16, 1987, Zale tendered a settlement draft to plaintiff in the amount of $7,357.85, representing the $5,000 limit of its liability plus interest accrued from the date of judicial demand until the date of the tender.
On December 29, 1987, Smith filed the instant action, seeking to force Zale to pay interest on the entire $367,500 judgment from November 18, 1983 (the date of judicial demand) to September 16, 1987 (the date the policy limits were tendered). Smith alleged the total legal interest due was $169,013.25, less the $2,357.85 interest already paid.
In the alternative, Smith sought legal interest on only that portion of the judgment in excess of the policy limits ($362,500), from April 16, 1985 (the date judgment was rendered) until September 16, 1987, amounting to $106,685.25, less the interest already paid.
Smith claimed she is entitled to such interest under Section III of Zale's policy, which states, in pertinent part,
"6. If we decide that the award was a mistake, we will pay the costs to appeal to a higher court, including interest on the award plus the cost of any bond that may be required."
Zale answered, denying any obligation for interest beyond the interest already paid on its $5,000 policy limits, and filed a motion for summary judgment on that basis. Zale contended that it had never appealed the award, so that Subparagraph 6 was never triggered, and that plaintiff erred in equating its suit for nullity to an appeal. After a hearing, the district court rendered summary judgment in Zale's favor, dismissing Smith's suit without prejudice, and Smith appealed.
Smith contends that Zale's petition for nullity, as well as an earlier motion to amend the April 1985 judgment, constituted an "appeal" for purposes of the cited policy provision, because Zale sought judicial relief from an "award" that it decided was a "mistake." She argues the obligation imposed by the clause is the duty to pay interest on the entire award and that the duty is triggered by the occurrence of a suspensive condition, to wit, Zale's deciding the award was a mistake.
She contends the policy language is nothing more than an "easy-to-read" version of the standard Supplementary Payments provision, which has been held to require the insurer to pay interest upon the entire amount of the judgment, not just its policy limits, until such policy limits, interest to date, and costs are paid or tendered by it. Doty v. Central Mutual Insurance Company, 186 So.2d 328 (La.App. 3 Cir.1966), writ denied, 249 La. 486, 187 So.2d 451; see also, Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4 Cir.1975), writ denied 318 So.2d 47; Levet v. Calais & Sons, Inc., 514 So.2d 153 (La.App. 5 Cir. 1987).
Zale, on the other hand, asserts that the language is clear and that its purpose is to avoid placing the insured in an unfair position of having legal interest continue to run against him on an award because his insurer decides to appeal the judgment on his behalf. Zale points out that the nullity action sought relief only on Zale's behalf and did not suspend or otherwise affect Smith's right to execute the judgment against Willie Lewis or Lewis' right to pay the judgment to stop the running of legal interest.
*1144 We find no ambiguity in the provision at issue. The main clause of the sentence involvedand thus the main obligation imposed therebyis "we will pay the costs to appeal to a higher court." The introductory phrase, "If we decide that the award was a mistake," imposes a suspensive condition on the obligation to pay the costs of appeal to a higher court. The subsequent phrase, "including interest on the award plus the cost of any bond that may be required," simply illustrates the costs of appeal that will be paid.
Unlike a standard Supplementary Payments provision, in which an insurer unconditionally obligates itself to pay legal interest on the entire judgment from the date of entry of the judgment until a proper tender of its policy limits is made, Zale conditioned its obligation to pay legal interest on the entire judgment on an appeal on behalf of its insured to a higher court for purposes of challenging the award.
"`Insurers may limit their liability where such limitation is clearly and expressly set forth in the contract of insurance.'" Carney v. American Fire & Indem. Co., 371 So.2d 815, 818 (La.1979), quoting from Hendricks v. American Employers Insurance Co., 176 So.2d 827, 830 (La.App. 2 Cir.1965), writs refused, 248 La. 415, 179 So.2d 15. The provisions of an insurance policy should be given effect except to the extent that they conflict with law or public policy. O'Donnell v. Fidelity General Ins. Co., 344 So.2d 91 (La.App. 2 Cir.1977).
An insurer has a right to limit its liability for amounts in excess of its policy limits, within the parameters of the law. The provision in Zale's policy is not against public policy and it is unambiguous. Accordingly, we conclude the trial judge was correct in granting summary judgment.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.