595 So.2d 329 (1992)
Donald P. LEWIS, et ux., Plaintiffs-Appellants,
v.
Wonest J. NARCISSE, et al., Defendants-Appellants.
No. 90-826.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Hill & Beyer, Bret C. Beyer, Lafayette, for plaintiff-appellant, Donald Lewis.
Martin, Taulbee, Rowe, Bares & Oliver, Kenny Oliver, Lafayette, for defendant-appellant, Narcisse.
Allen & Gooch, John Hughes, Lafayette, for defendant-appellee, Progressive Ins.
Haik & Minvielle, Julius W. Grubbs, Jr., New Iberia, for defendant-appellee, Liga.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
This is an appeal from a trial court's grant of a motion for summary judgment in favor of a defendant insurance company on a coverage question.
On November 4, 1988, Donald P. Lewis, while driving an automobile owned by Julie Allen Lewis, was involved in an automobile accident with Wonest Narcisse, who was driving a vehicle owned by Rita Semere. As a result, the Lewises filed suit against Narcisse and Semere, and their insurer, Progressive American Insurance Co., among others.
Progressive, in its answer, pleaded a policy exclusion of "unlisted household members" and alleged that Narcisse was not covered because he was a resident of Semere's household not listed on the policy. Narcisse and Semere answered and filed a *330 third party demand against Progressive asserting coverage. The plaintiffs filed a motion for summary judgment seeking to have the policy exclusion declared in violation of La.R.S. 32:900(B) and public policy. Progressive filed a motion for summary judgment seeking to have coverage denied. The judge denied the plaintiffs' motion for summary judgment and granted Progressive's motion holding the unlisted household member exclusion enforceable to exclude coverage of Narcisse. Plaintiffs appeal the denial of their motion and the grant of Progressive's motion. We reverse.
The error in the trial court's ruling stems from a failure to discern the difference between a "motor vehicle liability policy" and an "automobile liability policy."
The term "motor vehicle liability policy" is defined by La.R.S. 32:900(A) as "an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 or 32:899 as proof of financial responsibility, and issued ... by an insurance carrier duly authorized to transact business in this state...." By purchasing a "motor vehicle liability policy" an owner or operator satisfies the requirements of the LMVSRL. In contrast, an "automobile liability policy" is a voluntary policy which has not been certified as proof of a motorist's financial responsibility and does not therefore satisfy the requirements of the LMVSRL.
Hearty v. Harris, 574 So.2d 1234, 1239 (La.1991). A review of the record herein reveals that the policy issued by Progressive to Semere was a "motor vehicle liability policy."
La.R.S. 32:900 provides in pertinent part that:
A. A "Motor Vehicle Liability Policy" as said term is used in this Chapter, shall mean an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 or 32:899 as proof of financial responsibility, and issued except as otherwise provided in R.S. 32:899, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.
B. Such owner's policy of liability insurance:
* * * * * *
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles ...
(emphasis added)
As the Supreme Court stated in Hearty v. Harris, supra, at p. 1239:
A language of La.R.S. 32:900(B)(2) clearly indicates the mandatory omnibus clause requirement applies only when the liability policy in question is certified and used as proof of financial responsibility. New Zealand Ins. Co. v. Holloway, 123 F.Supp. 642 (W.D.La.1954); Gotreaux v. Travelers Ins. Co., 299 So.2d 466 (La. App. 3rd Cir.), writ denied, 302 So.2d 309 (La.1974); Johnson v. Universal Automobile Ins. Ass'n, 124 So.2d 580 (La. App. 3rd Cir.1960).
Accordingly, the trial judge erred in finding that the defendant, Progressive, was entitled to summary judgment as a matter of law, and in failing to render summary judgment in favor of the Lewises.
Therefore, the summary judgment rendered by the trial court is reversed. Summary judgment is rendered in favor of the Lewises holding that the unlisted household member exclusion in the Progressive policy is unenforceable. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to Progressive.
REVERSED, RENDERED AND REMANDED.