666 So.2d 1300 (1996)
SAFEWAY INSURANCE COMPANY, Plaintiff-Respondent,
v.
Latasha JOHNSON, Tonkon Williams, Sandra Williams and Illinois National Insurance Company, Defendants.
No. 28150-CW.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
Davenport, Files & Kelly by M. Shane Craighead, Monroe, for Applicant.
Gina L. Spann, Ruston, for Respondent.
Minifield and Harper by L. Charles Minifield, Minden, for Defendants.
Before HIGHTOWER and GASKINS, JJ., and CLARK, J. Pro Tem.
HIGHTOWER, Judge.
After the trial court denied a motion for summary judgment in this matter, we granted a writ to determine who may act by written agreement, under LSA-R.S. 32:900(L), to exclude a resident of the named insured's household from automobile liability coverage. Concluding that the named insured alone may do so, we reverse and render judgment in favor of the applicant, Illinois National Insurance Company ("Illinois").

*1301 Facts and Procedural History

Following a February 1994 automobile accident, Safeway Insurance Company ("Safeway") disbursed funds to repair the vehicle owned by its insured and to compensate the two occupants thereof for their injuries. Safeway then brought a subrogation action against the driver of the other car involved in the accident, Latasha Johnson; her mother, Sandra Williams; and their alleged insurer, Illinois.[1] In response, both by answer and in a motion for summary judgment, Illinois sought to deny coverage by virtue of a "Named Driver Exclusion Agreement" executed by its named insured, Tonkon Williams, in connection with his June 1993 application for insurance on his 1989 Ford implicated in the mishap. That document reads in pertinent part:
In consideration of the premium charged, it is agreed we will not provide coverage or defend or pay for any claim arising out of an accident or loss which occurs while any vehicle insured under this policy is driven with or without your permission by:

Name DOB Relationship Reason to be Excluded
Latsha [sic] Johnson 8-5-76 Step Daughter doesn't drive auto

This exclusion does not apply to any losses covered under Personal Injury Protection Coverage.
The provisions of this agreement supersede and exclude from the policy any contrary provision(s).
The undersigned, the named insured in this policy, hereby consents and agrees to this amendment to the policy.
Although correctly finding that no genuine issue of material fact existed, the district judge denied Illinois's motion for summary judgment, concluding that Tonkon Williams could not act alone in effecting the exclusion. Illinois then timely applied for supervisory writs.

Discussion
The pertinent statutory provision, LSA-R.S. 32:900(L), in authorizing the exclusion of household residents from coverage under motor vehicle liability policies, states:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
The case before us presents an issue of first impression, however, as to whether "an insured" refers to the named insured or all insureds.[2] The policy issued by Illinois designates Tonkon Williams as the only named insured, but defines "insured" to include all family members residing in the household and any person using the covered automobile.
In oral reasons, the lower court noted that it would have granted the summary judgment if both Mr. and Mrs. Williams, inasmuch as they are each insureds under the insurance contract, had signed the exclusion agreement. Logically extended, however, this reasoning would result in an absurd construction of the statute. Requiring the written consent of each insured, as defined by the policy, would necessitate the signatures of at least every household member, even those not yet licensed to drive. Neither would the result be any more tenable if the statute were construed to allow any of these insureds to accomplish such a limitation. Even so, the named insured, who acts on behalf of all other insureds in procuring an insurance policy, should certainly be (and is) allowed to exercise this statutory option. We *1302 further conclude that the legislature, contemplating a rational construction of the statute, intended for the named insured alone to have the right and responsibility of excluding members of his household from coverage. Thus, the trial court erred in its interpretation.
Nor are we persuaded by Safeway's alternate arguments for affirming the denial of summary judgment. Despite respondent's contention that a factual issue remains concerning Latasha's place of residence during the pertinent time period, our review of the provided depositions reveals no conflict in the testimony. Both the mother and daughter stated that they lived with Tonkon Williams before his execution of the exclusion agreement and continued residing with him through the date of the accident. Secondly, concerning whether the insured received the complete insurance policy, Illinois filed a certified copy of the document with all attachments issued to Tonkon Williams, while Safeway did not respond by affidavit or any other means to set forth specific facts showing a genuine issue requiring trial. See LSA-C.C.P. Art. 967.

Conclusion
Accordingly, for the foregoing reasons, the trial court's denial of summary judgment is reversed and judgment is now rendered dismissing Safeway's subrogation action against Illinois. Costs are assessed to respondent.
REVERSED AND RENDERED.
NOTES
[1] The original petition also named Tonkon Williams, Latasha's stepfather and the owner of the vehicle, as a defendant, but Safeway later dismissed the claims against this individual with prejudice.
[2] Since its enactment in 1992, LSA-R.S. 32:900(L) has been thrice cited. See Williams v. Forbes, 94-640 (La.App. 5th Cir. 01/18/95), 650 So.2d 337; Campbell v. National Union Fire Ins. Co., 92-592 (La.App. 3d Cir. 12/07/94), 647 So.2d 569; Threats v. Derousselle, 93-1047 (La.App. 3d Cir. 04/06/94), 636 So.2d 276. The factual circumstances in each of those cases, however, arose prior to the effective date of the statute. Furthermore, none of those opinions address the issue currently before us.