# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


09-215


**ELLA HAWKINS, ET AL.**

**VERSUS**

**ANDREW JOHN REDMON, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-0841-B
HONORABLE WILLIAM J. BENNETT, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


## SYLVIA R. COOKS
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**Jerold Edward Knoll**
**Triston K. Knoll**
**P.O. Box 426**
**233 South Main Street**
**Marksville, LA 71351-0426**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
	Ella Hawkins, et al.

**Keith M. Borne**
**200 West Congress Street**
**P.O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT-APPELLANT:**
	Safeway Insurance Company of Louisiana

**COOKS, Judge.**

On July 17, 2003, Ella Hawkins, individually and on behalf of her minor children, filed a Petition for Damages alleging on January 13, 2007, an automobile accident was caused by the fault of defendant, Andrew John Redmon, who was operating a 1996 Ford Ranger owned by his father, Mervin Redmon. The petition alleged the Redmon vehicle was insured by Safeway Insurance Company of Louisiana and that Ella Hawkins had a policy of insurance through National Automotive Insurance Company. Eventually all claims brought by plaintiffs against National Automotive were resolved.

In response to the petition, Safeway generally denied all of the allegations contained therein and specifically contended the policy at issue did not provide coverage to Andrew John Redmon pursuant to a named driver exclusion made a part of the policy. In response, plaintiffs filed a Petition for Declaratory Judgment requesting the trial court declare that the Safeway policy issued to Mervin Redmon did in fact provide coverage to plaintiffs. Safeway requested that the trial court declare Andrew John Redmon was excluded from the policy as a covered driver.

The matter was scheduled for a hearing on August 1, 2008. The only issue presented to the trial court was the coverage issue pertaining to Andrew John Redmon. The trial court set forth the following undisputed facts:

1. A policy was issued to Mervin Redmon through the Cottonport Insurance Agency with effective dates of January 11, 2007 through July 11, 2007 covering a 1995 Chevrolet S-10 and a 1996 Ford Ranger. This policy resulted from an application dated January 11, 2006 signed by Sandra Redmon, wife of Mervin Redmon.

2. An exclusion of named drivers was signed January 11, 2006 by Sandra Redmon wherein Sandra Redmon excluded Andrew Redmon, DOB: 6-02-87, as an excluded driver in the policy

issued to Mervin Redmon by Safeway Insurance Company of Louisiana. A request for change in policy was made January 9, 2007 signed by Sandra Redmon, however, the Court cannot ascertain what specific change was requested.

3. The subject accident occurred January 13, 2007.

4. On March 9, 2007 Sandra Redmon executed a document requesting that Andrew John Redmon be added as a driver on the subject policy.

5. Sandra Redmon had the verbal authority of her husband to visit the Cottonport Insurance Agency on January 11, 2006 and purchase insurance coverage on the vehicles listed on the policy.

6. Mervin Redmon and Sandra Redmon did not have any discussion concerning the exclusion of Andrew John Redmon under the policy at the time of application of the policy, that being January 11, 2006.

7. Mervin Redmon testified that Sandra Redmon did not have his authority to exclude Andrew John Redmon from coverage under the policy.

The trial court concluded the named driver endorsement exclusion was invalid because it was signed by Sandra Redmon rather than Mervin Redmon, who was listed as the applicant on the policy at issue. Further, the trial court found Mervin Redmon testified he did not give Sandra authority to exclude Andrew and "was unaware that his son was not a covered driver." Thus, the trial court held Andrew was a covered driver under the Safeway policy.

Safeway filed this appeal contending the trial court erred in concluding the policy afforded coverage in this case. For the following reasons, we affirm.

## ANALYSIS

An insurance policy is an agreement between parties and should be interpreted using ordinary contract principles. *Smith v. Matthews*, 611 So.2d 1377 (La.1993). Insurance companies have the right to limit coverage in any manner they desire, provided the limitations do not conflict with statutory provisions or public policy.

*Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 04/11/94), 634 So.2d 1180. The insurer, however, has the burden of proving that a loss comes within a policy exclusion. *Fields v. American Cent. Ins. Co.*, 40,738 (La.App. 2 Cir. 03/08/06), 923 So.2d 967.

On the date the policy at issue was delivered and on the date of the accident, La.R.S. 32:900(L) provided:

> Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured" means the applicant for the policy of insurance issued by the insurer.

Essentially, La.R.S. 32:900(L) provides the authority for the automobile insurer and the insured to contract to exclude a resident of the insured's household from coverage under the policy. The purpose is to give the insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a vehicle is being operated by the excluded driver. *Bryant v. United Servs. Auto. Ass'n*, 03-3491 (La. 09/09/04), 881 So.2d 1214. Of significance to this case, the statute specifically provides "the term 'named insured' means the applicant for the policy of insurance issued by the insurer."

In reaching its decision, the trial court relied on this Court's opinion in *Oliver v. Ste. Marie*, 97-1469 (La.App. 3 Cir. 7/1/98), 715 So.2d 722, *writ denied*, 98-2077 (La. 11/13/98), 730 So.2d 936. In *Oliver*, Guy D. Ste. Marie, his wife, Sharyll, and their automobile insurer were sued for damages arising out of an automobile accident

involving their minor daughter, Renee. The Ste. Maries' insurer, Illinois National, denied coverage because the policy contained a "Named Driver Exclusion Agreement," which excluded the minor, Renee, from coverage. That form was signed by Sharyll Ste. Marie, although Guy Ste. Marie was the listed applicant on the policy. The Ste. Maries filed a cross-claim against Illinois National demanding it provide liability coverage according to the terms of the policy. The trial court found Renee was entirely at fault in causing the accident and held that the policy exclusion required a signature by the named insured, Guy Ste. Marie. Consequently, the court found the exclusion invalid because Sharyll Ste. Marie signed her husband's name to the exclusion agreement without having authority to do so. Illinois National appealed.

This Court held the trial court was correct in finding the exclusion agreement could only be entered into by the named insured, Guy Ste. Marie. Because Sharyll Ste. Marie did not have authority to sign on behalf of Guy Ste. Marie, the exclusion was invalid, and Renee was a covered driver under the terms of the policy. In affirming the trial court's holding that only a named insured on a policy of automobile liability insurance could exclude members of a household from coverage, we cited with approval the following language from *Safeway v. Johnson*, 28,150, p. 2 (La.App. 2 Cir. 1/24/96), 666 So.2d 1300, 1301:

> Requiring the written consent of *each* insured, as defined by the policy, would necessitate the signatures of at least every household member, even those not yet licensed to drive. Neither would the result be any more tenable if the statute were construed to allow *any* of these insureds to accomplish such a limitation. Even so, the named insured, who acts on behalf of all other insureds in procuring an insurance policy, should certainly be (and is) allowed to exercise this statutory option. We further conclude that the legislature, contemplating a rational construction of the statute, intended for the named insured alone to have the right and responsibility of excluding members of his household from coverage.

(Emphasis in original).

The *Oliver* court also found no merit in the argument that Sharyll Ste. Marie had her husband's apparent or actual authority to sign his name. It concluded there was no specific authority from Guy Ste. Marie to his wife granting her the power to act.

The trial court specifically noted in the present case it was clear from the testimony of Mervin Redmon that he did not give his wife authority to exclude Andrew from coverage. There was no Power of Attorney nor agency agreement giving her authority to act on his behalf. Considering this, and the clear definition in La.R.S. 32:900(L) that a "named insured" is the *applicant* for the policy, we cannot say the trial court erred in finding the "Named Driver Exclusion Agreement," which excluded Andrew from coverage was invalid.

Safeway attempts to rely on the definition of "named insured" as listed in its policy, which defines it as the "individual named in the declarations and also includes his spouse, while living with him." Clearly, this provision is in conflict with the definition of "named insured" set forth in La.R.S. 32:900(L), which limits "named insured" solely to the applicant of the policy, which in the present case was Mervin Redmon. The law is clear that insurers cannot contractually limit their liability by including provisions which are in conflict with the law or public policy. *Ducote v. Koch Pipeline Co., L.P.*, 98-942 (La. 01/20/99), 730 So.2d 432; *Smith v. Zale Indem. Co.*, 538 So.2d 1142 (La.App. 5 Cir.), *writ denied*, 541 So.2d 876 (La. 1989). Therefore, the trial court did not err in finding coverage existed in this case.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, Safeway Insurance Company of Louisiana .

**AFFIRMED.**