WEIMER, Justice,
 
 [1]
 

 | TWe granted a writ in this matter to resolve the
 
 res nova
 
 issue of who, in purchasing a Motor Vehicle Liability Policy as defined in LSA-R.S. 32:900, may execute an excluded driver endorsement which results in a resident of the household being excluded pursuant to the provisions of LSA-R.S. 32:900(L) as amended in 2001. We find the exclusion of a resident, 19-year-old son executed by his mother was valid based on the language of the statute. Thus, we reverse the contrary decisions of the lower courts and render judgment in favor of the insurer, holding there was no coverage for the excluded driver who, with the permission of his father, was driving a vehicle identified in the insurance policy in question.
 

 FACTS AND PROCEDURAL HISTORY
 

 Mervin and Sandra Redmon, husband and wife, lived with their children in Wave-land, Mississippi, for ten years prior to Hurricane Katrina in August 2005. |2After Katrina, the couple moved their family to Avoyelles Parish where they established a residence and opened a joint bank account upon which either of them could draw.
 

 Mervin pursued his occupation as a construction superintendent. He testified that he was on the job almost 24 hours per day and was able to return home only two weekends, sometimes two days, per month. During his absence, Sandra lived at the family home in Bunkie, Louisiana, with two of their children, Andrew (then 18 years of age) and Rachel (then 14 years of age).
 

 On January 11, 2006, Sandra, acting as head of the household and with her husband’s consent, went to the Cottonport Insurance Agency to obtain automobile insurance on two of the vehicles they owned, a 1995 Chevrolet S-10 and a 1996 Ford Ranger.
 
 [2]
 
 A policy with Safeway Insurance Company of Louisiana (Safeway) was issued with effective dates of January 11, 2006, through July 11, 2006. In the process of obtaining the insurance, which was issued in Mervin’s name, Sandra signed the “APPLICATION” on the line designated “Applicant”; her signature was certified by the insurance agent at 11:30 a.m., January 11, 2006. During this process, Sandra rejected uninsured/underinsured motorist coverage by her signature on a Safeway form on a line marked “Named Insured or Legal Representative.” Sandra also signed an excluded driver endorsement expressly excluding their son Andrew Redmon from coverage under the policy. The policy was renewed several times and was in effect by the last renewal from January 11, 2007, through July 11, 2007. The endorsement page with those dates shows policy limits of $10,000/$20,000 for the two vehicles, [¡¡lists the drivers as Mervin Redmon and Sandra Redmon, and lists the excluded driver as Andrew Red-mon.
 

 The form most significant to the coverage issue in the instant case is a Safeway
 
 *362
 
 form entitled “EXCLUSION OF NAMED DRIVER(S).” The form provides that this endorsement was effective on the date signed and that it formed a part of the policy that was being issued to Mervin Redmon, with a policy number to be assigned at a later date. The EXCLUSION provides, in pertinent part, that “[pjursu-ant to Louisiana Revised Statute 32:900(L) it is agreed that the insurance afforded by this policy shall not apply with respect to loss, damage, or injury to person(s) or property while the excluded driver(s), [Andrew Redmon] who is a member of the same household as the named insured at the time that this exclusion is executed, is operating the automobile(s) described in the policy.” The EXCLUSION contains the signature of Sandra Redmon on a line marked “Signature of Named Insured,” as well as signatures of the insurance agent and an authorized representative of the insurance company.
 

 On January 13, 2007, Andrew Redmon was involved in an automobile accident while operating the 1996 Ford Ranger owned by his father and insured under the Safeway policy obtained by his mother. Ella Hawkins, the driver of the other vehicle involved in the accident, filed suit, individually and on behalf of her minor child, against Andrew and Safeway, alleging the automobile Andrew was driving was insured by Safeway.
 

 In response to the petition, Safeway filed a general denial and specifically contended that the policy at issue did not provide coverage to Andrew pursuant to the named driver exclusion endorsement. Thereafter, Hawkins filed a petition for declaratory judgment seeking a ruling by the district court that the Safeway policy did |4provide coverage. Safeway responded, seeking a ruling that Andrew was excluded from coverage under the policy.
 

 The district court held the Safeway policy provided coverage because the named-driver exclusion was invalid, having been signed by Sandra rather than Mervin, in whose name the policy was issued. The court also concluded Mervin did not give Sandra authority to exclude Andrew and “was unaware that his son was not a covered driver.”
 

 Safeway perfected an appeal. Rejecting Safeway’s arguments and agreeing with the district court, the third circuit affirmed.
 
 Hawkins v. Redmon,
 
 09-0215 (La.App. 3 Cir. 10/7/09), 19 So.3d 1252. Looking to the provision of LSA-R.S. 32:900(L) that defines “named insured” as the “applicant for the policy of insurance issued by the insurer,” the appellate court concluded only the applicant could exclude someone from coverage under the policy. The appellate court found Mervin was the “applicant” and, therefore, the excluded driver endorsement signed by Sandra was invalid. In support of its decision, the court cited
 
 Oliver v. Ste. Marie,
 
 97-1469 (La.App. 3 Cir. 7/1/98), 715 So.2d 722,
 
 writ denied,
 
 98-2077 (La.11/13/98), 730 So.2d 936, and
 
 Safeway Insurance Company v. Johnson,
 
 28,150 (La.App. 2 Cir. 1/24/96), 666 So.2d 1300. (See discussion, note 4,
 
 infra.)
 

 This court granted a writ to address the interpretation of LSA-R.S. 32:900(L).
 
 Hawkins v. Redmon,
 
 09-2418 (La.2/5/10), 27 So.3d 287.
 

 DISCUSSION
 

 The Louisiana Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 through LSA-R.S. 32:1043, sets forth a mandatory, comprehensive scheme to provide financial protection to those involved in motor vehicle accidents.
 
 See Adams v. Thomas,
 
 98-2005, pp. 3-4 (La.4/13/99), 729 So.2d 1041, 1043;
 
 Simms v.
 
 Butler; 97-0416, p. 2 (La.12/2/97), 702
 
 *363
 
 So.2d 686, 687. The statutes require that the owner of every motor vehicle registered in this state, with limited exceptions, obtain proof of security prior to registration, renewal of registration, application for an inspection certifícate, and/or application for a driver’s license. LSA-R.S. 32:861(A)(1) and (2); LSA-R.S. 32:862(C) and (D);
 
 see also Adams,
 
 98-2003 at 4, 729 So.2d at 1043;
 
 Simms,
 
 97-0416 at 2, 702 So.2d at 687.
 

 One way an owner may satisfy the requirement of security is by obtaining an automobile liability policy with specified liability limits as defined by statute. LSA-R.S. 32:861(A)(1). An owner’s policy of liability insurance shall designate all covered vehicles and “[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle.” LSA-R.S. 32:900(B)(2). Pursuant to the mandatory provisions of LSA-R.S. 32:900, Louisiana courts historically held that the exclusion of a named driver who was a member of the insured’s household was unenforceable on public policy grounds.
 
 Williams v. U.S. Agencies Casualty Insurance Company, Inc.,
 
 00-1693, p. 4 (La.2/21/01), 779 So.2d 729, 731;
 
 see Lewis v. Narcisse,
 
 595 So.2d 329 (La.App. 3 Cir.1992) (Exclusions of “unlisted household members” are not enforceable in a motor vehicle liability policy certified under LSA-R.S. 32:900.)
 

 However, almost two decades ago, the legislature created an exception by introducing the concept of a named driver exclusion into Louisiana insurance law. | sIn 1992, the legislature amended LSA-R.S. 32:900 by adding subsection L
 
 [3]
 
 which consisted of one sentence:
 

 Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
 

 The sole purpose for the exclusion in LSA-R.S. 32:900(L) was and is premium reduction.
 
 Williams v. Watson,
 
 01-0495, p. 7 (La.10/16/01), 798 So.2d 55, 59. As we recognized in
 
 Joseph v. Dickerson,
 
 99-1046, p. 9 (La.1/19/00), 754 So.2d 912, 917, the purpose of the exclusion “is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver.”
 

 In the cases that followed the enactment of LSA-R.S. 32:900(L), the courts focused on balancing two dichotomous, public policies: the competing purposes underlying the requirements of financial responsibility mandated by LSA-R.S. 32:900(B) and the exclusions allowed under LSA-R.S. 32:900(L) to achieve reduced insurance premiums for vehicle owners.
 
 Compare, Bryant v. United Services Automobile
 
 As
 
 sociation,
 
 03-3491, p. 11 (La.9/9/04), 881 So.2d 1214, 1220, wherein this court balanced the competing policies of the “no pay, no play” law, LSA-R.S. 32:866, with the provisions of LSA-R.S. 32:900(L).
 

 The enactment of LSA-R.S. 32:900(L) soon led to a split among the appellate court circuits concerning whether a named driver exclusion trumped the requirement of omnibus liability coverage in LSA-R.S. 32:900(B). In
 
 Carter v. Patterson Insur
 
 
 *364
 

 ance Co.,
 
 96-0111, p. 8 (La.App. 4 Cir. 5/22/96), 675 So.2d 736, 740,
 
 writ denied,
 
 96-1639 (La.10/4/96), 679 So.2d 1384, the court stated: “The legislature has declared [in LSA-R.S. 32:900(L) ] that excluding a named driver, who is a member of the insured’s household, does not violate the public policy which mandates omnibus liability coverage. We cannot overturn that legislative declaration.”
 

 However, in
 
 Bellard v. Johnson,
 
 96-0961 (La.App. 3 Cir. 3/12/97), 692 So.2d 630, the third circuit disagreed, finding that an exclusion was permissible only for a named insured and that an exclusion of a person who would otherwise be an omnibus insured was not allowed. This court reversed, stating that LSA-R.S. 32:900(L) “clearly permits the purchaser of a policy to exclude from coverage a resident of his household.”
 
 Bellard v. Johnson,
 
 97-0909 (La.5/30/97), 694 So.2d 225. The “purchaser” in
 
 Bellard
 
 was a wife who executed a named driver exclusion of her husband.
 

 Another split among the appellate court circuits arose shortly thereafter over the issue of whether a person who purchases liability insurance to comply with LSA-R.S. 32:900(B), and would ordinarily be a named insured under the policy, may contract with the insurer to exclude himself or herself pursuant to LSA-R.S. 32:900(L). The fifth circuit court answered this question affirmatively in
 
 Smyre v. Progressive Security Insurance Co.,
 
 98-0518, 98-0519 (La.App. 5 Cir. 12/16/98), 726 So.2d 984,
 
 writ denied,
 
 99-0139 (La.6/4/99), 745 So.2d 14. Noting that it would be unreasonable to require a person to pay premiums to cover a vehicle owner who cannot drive due to incapacity or a legal impediment, the fifth circuit concluded that such an exclusion was not prohibited by the compulsory insurance law or public policy. The court stated: “[A] person may need to purchase a vehicle for the use of others in his/her household, but cannot for some reason of health or law obtain a driver’s license or otherwise operate the vehicle. The person should not be required | sto pay premiums to cover his/her driving when he/she cannot drive.”
 
 Id.,
 
 98-0518, 98-0519 at 7, 726 So.2d at 986.
 

 In considering the issue of whether the purchaser of liability insurance could exclude himself/herself, the second circuit, in
 
 Williams v. U.S. Agencies Casualty Insurance Company, Inc.,
 
 33,200 (La.App. 2 Cir. 5/15/00), 758 So.2d 1010, reached a result contrary to that of the fifth circuit. Calling the fifth circuit’s interpretation of the relevant statutory provisions “an overly broad construction” which required a “semantic leap” in determining the intent of the legislature in enacting LSA-R.S. 32:900(L), the second circuit concluded a named insured could not exclude himself from his liability policy coverage.
 
 Id.,
 
 33,-200 at 3-4, 758 So.2d at 1013-1014.
 

 This court granted a writ and adopted the reasoning of the second circuit instead of that of the fifth circuit, and overruled
 
 Smyre, supra,
 
 thus achieving a narrow construction of LSA-R.S. 32:900(L).
 
 Williams v. U.S. Agencies Casualty Insurance Company, Inc.,
 
 00-1693 (La. 2/21/01), 779 So.2d 729. The majority of the court stated: “Our interest in protecting the driving public far outweighs an insured’s desire to exclude himself from coverage in order to avail himself of a lower premium.”
 
 Id.,
 
 00-1693 at 6, 779 So.2d at 732. As a matter of statutory construction, the court rejected the insurer’s argument that the term “any named person” in subsection L could be interpreted as including the purchaser of the insurance.
 
 Id.,
 
 00-1693 at 7, 779 So.2d at 732-733. The court found LSA-R.S. 32:900(B)(2) clearly required that a policy provide coverage for “the person named therein,” i.e., the named insured; subsection L refers specifically to
 
 *365
 
 the exclusion of coverage “for any named person” who is a “resident of the same household as the named insured.” Thus, the majority concluded: “It is clear from a reading of La. R.S. 32:900 in its entirety, that a named insured ... is not considered within the same category as ‘any |9named person,’ ... whom subsection L authorizes to be listed as an excluded driver under the policy.”
 
 Id.,
 
 00-1693 at 7, 779 So.2d at 733.
 

 The legislature reacted promptly by enacting La. Acts 2001, No. 368, § 1, which rewrote subsection L of LSA-R.S. 32:900, the Motor Vehicle Liability Policy statute. In Section 2 of the same act the legislature specified that the amendment of this subsection was intended to supercede the holding in
 
 Williams v. U.S. Agencies Casualty Insurance Company, Inc.,
 
 in which the majority of this court adopted the narrow interpretation of subsection L.
 

 We begin as we must with the words of the statute at issue. Although interpretation of LSA-R.S. 32:900(L) as rewritten in 2001 is
 
 res nova,
 
 our inquiry is guided by well-established principles of statutory interpretation. The starting point in the interpretation of any statute is the language of the statute itself. Words and phrases shall be read in context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. The meaning and intent of a law is determined by considering the law in its entirety and by placing a construction on the law that is consistent with the express terms of the law' and with the obvious intent of the legislature in enacting the law.
 
 See Kinchen v. Livingston Parish Council,
 
 07-0478, p. 5 (La. 10/16/07), 967 So.2d 1137, 1140,
 
 quoting State v. Dick,
 
 06-2223 (La.1/26/07), 951 So.2d 124.
 

 At all times pertinent to the instant case, LSA-R.S. 32:900(L) provided:
 

 L. (1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the Imperson being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term “named insured” means the applicant for the policy of insurance issued by the insurer.
 

 (2) The form signed by the insured or his legal representative which excludes a named person from coverage shall remain valid for the life of the policy and shall not require the completion of a new driver exclusion form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. Any changes to an existing policy, including but not limited to the addition of vehicles or insured drivers to said policy, regardless of whether these changes create new coverage, do not create a new policy and do not require the completion of a new agreement excluding a named person from coverage. For the purpose of this Subsection, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
 

 
 *366
 
 A plain reading of the statutory-language leads to the conclusion that the lower courts in the instant case erred in their interpretation. The statute provides that “an insured” may exclude a member of the household of the “named insured.” Properly interpreted, the statute allows any insured to execute an exclusion.
 
 [4]
 
 In the instant |ncase, the lower courts have effectively converted the words “an insured” to “a named insured.” In doing so, the lower courts have rewritten the statute. Noteworthy is the legislature’s mentioning “an insured” and a “named insured” in the same sentence, signifying that the two terms have different meanings.
 

 As justification for the result reached, the court of appeal cited the definition provided in the statute: “For the purposes of this Subsection, the term ‘named insured’ means the applicant for the policy of insurance issued by the insurer.” LSA-R.S. 32:900(L). Safeway astutely argues that even if one were to substitute “applicant” for “named insured” in the statute, the designation of “an insured” as someone who is allowed to execute exclusions would remain the same. The statute would then read:
 

 Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the [applicant] and the spouse of the [applicant]. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the [applicant] at
 
 *367
 
 the time that the written agreement is entered into.
 

 The statute does not state that an “applicant,” when substituted for the phrase “named insured,” can exclude someone from coverage. The statute states that “an insured” can sign that agreement. The lower courts’ conclusion that subsection L states that only an applicant for a policy can exclude someone from coverage under the policy is an erroneous rewriting of the statute. In the instant case, there is no debate that Sandra Redmon is “an insured” as provided by the policy’s definition of | ,2named insured and its reference to the declarations page of the Safeway policy. As “an insured,” she was entitled by statute to execute an exclusion which would result in a lower premium for the insurance purchased by her.
 

 Likewise, by statute, Safeway is entitled to rely on Sandra’s completion of the exclusion form. It is undisputed that Safeway issued a new policy to the Redmons. According to LSA-R.S. 32:900(L)(2), a provision the lower courts did not cite, a “new policy” is defined as “an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.” The provision does not reference an “applicant” but does reference the completion of an application by “an insured.”
 

 Thus, it is of no moment that LSA-R.S. 32:900(L)(1) states that “named insured” means “applicant.” Considering that provision in light of the expressed intent of the legislature to supercede the holding in
 
 Williams,
 
 that a purchaser/owner could not exclude himself/herself, we conclude the named insured definition was meant to specify that the named insured who applied for a new policy of insurance could list himself/herself as the named excluded driver. Because the instant case involves an exclusion of a resident of the household of the named insured and not an exclusion of a named insured or an applicant, the applicable sentence of the statute is not the definition of “named insured” but the following: “The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into,_” LSA-R.S. 32:900(L)(1).
 

 It is immaterial that Mervin Redmon did not know of the listing of his son as an excluded driver. The fact that Andrew was an excluded driver was clearly indicated on the declarations page. The cover sheet of the policy issued to the | ^Redmons has in large print: “PLEASE READ YOUR POLICY.” There is also the provision that the issuance of the policy is based upon reliance on the statements made on the application, which is attached to the policy. Mervin’s failure to read the policy has no effect on the fact that he agreed to allow Sandra to purchase the insurance as a convenience to himself and the household and to fill out the application forms provided by the insurance agent. Mervin cannot retroactively limit Sandra’s authority to bargain with the insurance company to the detriment of Safeway. In his deposition testimony, Mervin stated he had no contact whatsoever with Cottonport Insurance Agency or Safeway; he left all of the insurance procurement to Sandra in his absence from the household. Even after the accident, it was Sandra, not Mervin, who applied for their son to be added to the policy. Thus, a designation of Mervin or Sandra as the “applicant” is immaterial and cannot result in morphing the executed exclusion into one not authorized by LSA-R.S. 32:900(L).
 

 CONCLUSION
 

 We conclude the lower courts erroneously interpreted LSA-R.S. 32:900(L) as
 
 *368
 
 requiring a named insured/applieant to execute a named driver exclusion. The language of the statute does not support such an interpretation. Accordingly, we find the district court erred in holding the exclusion of Andrew Redmon as a driver of a vehicle insured by Safeway was invalid. Likewise, the court of appeal erred in affirming that judgment. We reverse and remand to the district court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine D. Kimball. Retired Judge Thomas C. Wicker, Jr., assigned as Justice
 
 ad hoc,
 
 sitting for Justice Jeannette Knoll, recused.
 

 [2]
 

 . The application reveals there were other vehicles in the household which were not listed in this application.
 

 [3]
 

 . Scholars have posited that this amendment was probably intended to supercede
 
 Lewis v. Narcisse, supra.
 
 15 McKenzie & Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice, § 83 at 290 n. 3 (2006).
 

 [4]
 

 . We acknowledge that the reading of this statute to allow "any insured” to execute the named driver exclusion has been criticized by the second circuit, in
 
 Safeway v. Johnson,
 
 28,150, p. 2 (La.App. 2 Cir. 1/24/96), 666 So.2d 1300, 1301:
 

 Requiring the written consent of each insured, as defined by the policy, would necessitate the signatures of at least every household member, even those not yet licensed to drive. Neither would the result be any more tenable if the statute were construed to allow
 
 any
 
 of these insureds to accomplish such a limitation. Even so, the named insured, who acts on behalf of all other insureds in procuring an insurance policy, should certainly be (and is) allowed to exercise this statutory option. We further conclude that the legislature, contemplating a rational construction of the statute, intended for the named insured alone to have the right and responsibility of excluding members of his household from coverage. [Emphasis in original.]
 

 This observation was quoted with approval by the third circuit in the instant case,
 
 Hawkins,
 
 09-0215 at 4; 19 So.3d at 1255. The appellate court also relied on a previous opinion,
 
 Oliver v. Ste. Marie,
 
 97-1469 (La.App. 3 Cir. 7/1/98), 715 So.2d 722,
 
 writ denied,
 
 98-2077 (La. 11/13/98), 730 So.2d 936, as authority for finding the named insured alone had the right to exclude members of his household from coverage. It is significant that both
 
 Safeway v. Johnson
 
 and
 
 Oliver v. Ste. Marie
 
 involved interpretation of the one-sentence provision of LSA-R.S. 32:900(L) enacted in 1992. Thus, in reaching the conclusion that the named driver exclusion in the instant case was invalid because it was not executed by Mervin, the court of appeal combined a new definition of "named insured" with outdated jurisprudence and no consideration of the current wording of subsection L(l) and (2).
 

 We acknowledge that the reading of the statute to allow "any insured” to execute the named driver exclusion could arguably lend itself to having a minor resident of the household, who is an insured under the liability policy, attempt to execute such an exclusion. However, considering the fact that subsection L(2) allows an insurance company the option of providing its own form to be completed by an insured, it is virtually impossible that an insurer would enter into such a contract unless it was satisfied that an insured was a responsible party. Further, the statute requires a written agreement to effectuate an exclusion. The mere possibility that some remote consequence may materialize in the future does not justify the courts' substitution of "named insured” for the statutory "an insured” used by the legislature.