CHEHARDY, C.J.,
dissents with reasons.
As a matter of law, the majority is correct in its determination that La. R.S. 32:900(L) permits the owner of a vehicle to purchase liability insurance and to exclude himself from coverage. As a matter of policy, however, this law, as applied by the majority in this case, substantially curtails a person’s ability to obtain redress for injuries caused by a drunk driver, simply because the drunk driver opted out of insurance coverage. It is on this basis that I must respectfully dissent.
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-32:1043, sets forth a mandatory, comprehensive .scheme to provide financial protection to those involved in motor vehicle accidents. Hawkins v. Redmon, 09-2418 (La.7/6/10), 42 So.3d 360, 362. These statutes require that the owner of every motor vehicle registered in this state, with limited exceptions, obtain proof of security prior to registration, renewal of registration, application for an inspection certificate, and/or application for a driver’s license. Id. at 363. An owner may satisfy the security requirement by obtaining an automobile liability policy with specified liability limits as defined by statute. Id. This liability policy is required by law to “insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such *1193 named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles[.]” Id. (citing La. R.S. 32:900(B)(2)). The coverage afforded by this liability policy may be limited, so long as-the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Props., (La.4/11/94), 634 So.2d 1180, 1183.
In 1992, the Louisiana legislature enacted a coverage limitation:'the named driver exclusion. In Subsection (L) of La. R.S. 32:900, this limitation provided:' “Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude’ from coverage any named person who is a resident of the same household as the named insured.” The exclusion was enacted “to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver.” Joseph v. Dickerson, 99-1046 (La.1/19/00), 754 So.2d 912, 917.
In the litigation that followed the enactment of Subsection (L), Louisiana courts were confronted with balancing two dichotomous, public policies: providing financial protection for the public on the highways versus allowing reduced insurance premiums for vehicle owners. See Hawkins at 363.
In 1998, this Court conducted this balancing analysis, under a set of facts similar to those before us. See Smyre v. Progressive Sec. Ins. Co., 98-518 (La.App. 5 Cir. 12/16/98), 726 So.2d 984, 987, writ denied, 99-139 (La.6/4/99), 745 So.2d 14. In Smyre, the driver who was at fault in an automobile accident was the owner of the vehicle and had obtained an insurance policy that excluded himself from coverage. Id. at 986. The driver opted for the exclusion allegedly because he did not have a valid driver’s license due to a prior DWI conviction. Id.
On cross-motions for summary judgment, the district court found the driver was covered because it was against public policy for the owner of a vehicle to exclude himself from coverage. Smyre■ at 985. This Court reversed on appeal, finding that it was not against public policy, reasoning as follows:
• We can foresee many instances in which a person may need to purchase a vehicle for the use of others in his/her household, but cannot for some reason of health or law obtain a driver’s license or otherwise operate the vehicle. The person should not be required to pay premiums to cover his/her driving when he/she cannot drive, nor should the insurance company be forced to cover an illegal or incapable driver. It is unfortunate that in this case the owner of the vehicle and named insured allegedly violated the law by driving without a license and without insurance covering him and then became involved in an accident.. However, his conduct cannot be used to infringe on the rights of other responsible persons whose circumstances may require them to exclude themselves from insurance coverage, or the right of insurers to exclude illegal drivers.
Id. at 986-87.
Although in agreement with the majority, former Chief Judge Edward Dufresne authored a concurrence to express his concerns about the law, particularly in relation to DWI offenders:
[individuals who have a DWI conviction could exclude themselves from coverage to avoid paying a higher premium and violate the law by continuing to drive the vehicle, and thus there could be no insurance coverage if they are involved in an accident. This would allow them to circumvent the law which *1194 requires all vehicles on the highway to be insured.
Smyre at 987. (Dufresne, J., concurring).
In 2001, the Louisiana Supreme Court considered the latv and reached a different conclusion from Smyre, finding Subsection (L) conflicted with public policy: See Williams v. U.S. Agencies Casualty Insurance Company, Inc., 00-1693 (La.2/21/01), 779 So.2d 729. In Williams, William Beaudoin was the owner and operator of a vehicle and was legally at fault in an automobile accident. 779 So.2d at 730. Prior to the accident, Mr. Beaudoin had obtained an insurance policy in which he'excluded himself from coverage. ■ Id. In the lawsuit that followed, the district court found that the named driver exclusion was contrary to public policy and granted judgment in favor of the plaintiffs against Mr; Beau-doin’s insurer. Id. Both the Second Circuit' Court of Appeal and the Louisiana Supreme Court affirmed on the same public policy grounds. The supreme court ruled: ■
Our interest in protecting the driving public far outweighs an insured’s desire to exclude himself from coverage in order to avail himself of a lower premium. To allow an insured to exclude himself froifi coverage and drive as an uninsured motorist, runs afoul of the overall purpose and intent of Louisiana’s compulsory insurance law. In the instant case, Beaudoin ... purchased liability insurance coverage, purported to exclude himself as a driver of his own vehicle, and then caused an accident resulting in injury. This court will not uphold, such actions at the expense of the injured person whom our statutory insurance law is designed to protect.
Williams, 779 So.2d at 732.
The legislature promptly responded by enacting La. Acts 2001, No. 368, § 1, which rewrote La. R.S. 32:900(L) and specified that the enactment was intended to “legislatively overrule” Williams. Subsection (L) now provides in pertinent part: “Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured.”,
It is clear that the legislature intended to allow the owner of a vehicle to purchase liability insurance and to exclude himself from coverage. Nevertheless, the public policy concerns expressed, by the Williams court ,and Judge, Dufresne remain unresolved. Permitting an insured to exclude himself from coverage and drive as an uninsured motorist still runs, afoul of the overall purpose and intent of Louisiana’s compulsory insurance law.
While I recognize that “courts are not concerned with the wisdom' or policy of legislation,” Lochner % New York, 198 U.S. 45, 69, 25 S.Ct. 539, 549, 49 L.Ed 937 (1905) (Harlan, J., dissenting), I cannot, in good conscience, endorse a law that permits uninsured motorists on the road. I find, as did the Louisiana Supreme Court in Williams, supra, that the benefit of reduced premiums does not outweigh the burden of reduced financial protection to the general driving public.
I am especially troubled by the law’s operation in this case, which reduces plaintiffs’ ability to recover for injuries caused by a drunk driver. Mr. Southall excluded himself from coverage as a driver of his own vehicle, became intoxicated, got behind the wheel of his vehicle, and rear-ended plaintiffs, resulting in their injuries. I • do not agree" that the law should now allow this drunk driver to escape responsibility merely to afford him a reduced insurance premium. Accordingly, I would affirm the judgment of the district court.