898 So.2d 608 (2005)
Stanley PRICE
v.
The LAW FIRM OF ALEX O. LEWIS, III AND ASSOCIATES, Alex O. Lewis III, Personally and in His Capacity as Attorney for the Firm, George Guidry Personally and in His Capacity as Law Clerk for the Firm.
No. 2004-CA-0806.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 2005.
*609 Stanley Price, New Orleans, LA, In Proper Person, Plaintiff/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
This appeal is from a directed verdict rendered in favor of the defendant after trial on the merits. After review of the record in light of appellant's argument[1] *610 and the applicable law, we affirm the judgment of the trial court.

Relevant Facts and Procedural History
On October 5, 2001, plaintiff/appellant, Stanley Price, proceeding pro se, filed this action against the Law Firm of Alex O. Lewis III and Alex O. Lewis and George Guidry, individually, alleging that between September 1999 and December 2000 he had been employed by the defendants in the capacity of a paralegal and that the defendants had breached the employment agreement by failing to pay him a percentage of attorney fees collected on personal injury and bankruptcy cases for clients.
The matter was tried before a judge on March 8, 2004. The plaintiff presented the testimony of five former clients of Mr. Lewis who testified as to his frequent presence in Mr. Lewis's office but failed to present any evidence of an employment agreement or contract. The defendant moved for a directed verdict at the close of the plaintiff's case in chief, contending the plaintiff failed to carry his burden of proof. The trial judge granted the motion, dismissing the matter with prejudice. In her oral reasons for judgment, the trial judge stated that although it could be inferred from the evidence that the plaintiff worked for Mr. Lewis, there was no evidence of damages because the plaintiff failed to present evidence of damages.

Applicable Law
A party may move for directed verdict at the close of evidence offered by an opponent. La.Code Civ. Proc. art. 1810. A directed verdict is proper when, considering all of the evidence in the light most favorable to the non-mover, it is clear that the facts and inferences point so strongly and overwhelmingly in favor of the mover that reasonable jurors could not reach a contrary verdict. Davis v. Board of Sup'rs Louisiana State University and Agricultural and Mechanical College, 2003-2319 (La.App.4 Cir.11/17/04) 887 So.2d 722 (citation omitted). If there is substantial evidence opposed to the motion, i.e., evidence of such quality and weight that reasonable jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the case submitted to the jury. Id.
A trial judge has much discretion in determining whether to grant a directed verdict and the standard of review on appeal is whether reasonable persons could not reach a contrary verdict under the evidence. Id. The question to be asked by the reviewing court is not whether plaintiff proved his case by a preponderance of the evidence, but rather, upon reviewing the evidence submitted, the court could conclude that reasonable persons could not have reached a verdict in favor of plaintiffs. Id. (citing Hebert v. Bellsouth Telecommunications, Inc., 01-0223, p. 5 (La.App. 3 Cir. 6/6/01), 787 So.2d 614, 617). Further, the appellate court must determine if the record supports the granting of a directed verdict, based not on a credibility determination (a factual issue), but on a sufficiency of evidence determination (a question of law). Id.; Roberson v. August, 01-1055, pp. 4-5 (La.App. 4 Cir. 5/29/02) 820 So.2d 620, 624
A directed verdict must be evaluated in the light of the substantive law underpinning the plaintiff's claim. Under Louisiana law, formation of a valid and enforceable contract requires capacity, consent, a certain object, and a lawful cause. The existences or nonexistence of a contract is a question of fact and, accordingly, the determination of the existence of a contract is a finding of fact, not to be disturbed unless clearly wrong. Crowe v. Homeplus Manufactured Housing, p. 9-10 *611 (La.App. 2 Cir. 6/21/04) 877 So.2d 156, 161-162 (citation omitted).

Discussion
A review of the record reveals no evidence of an agreement or contractual arrangement between the parties pertaining to compensation for work done by the plaintiff in the defendant's law office. Accordingly, considering our standard of review, and the evidence presented at trial, we cannot find the trial court was manifestly erroneous or clearly wrong in granting the defendant's motion for a directed verdict. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The appellee has not responded to this appeal.