ON APPLICATION FOR REHEARING
SANDRA CABRINA JENKINS, Judge.
hWe grant Specialty Pools’ application for rehearing for the limited purpose of addressing its argument that the original opinion erroneously concluded that the trial testimony of Mr. Duvio’s wife, Cathy, could be considered as “corroborating circumstances” sufficient to defeat Specialty Pools’ motion for a directed verdict on Mr. Duvio’s claim for liquidated damages based on an oral agreement, pursuant to La. Civ.Code art. 1846.
Specialty Pools is correct that Mrs. Du-vio’s testimony cannot be considered in determining the correctness of the trial court’s denial of a directed verdict. Mrs. Duvio testified on rebuttal, after Mr. Duvio rested his case-in-chief, and after the trial court denied the motion for a directed verdict. We therefore delete only that portion of the original opinion that discusses Mrs. Duvio’s trial testimony regarding an alleged oral agreement for liquidated damages.
The deletion of Mrs. Duvio’s trial testimony, however, does not alter our conclusion that the trial court did not err in denying Specialty Pools’ motion for a directed verdict.
| {.During Mr. Duvio’s case-in-chief, Mr. Duvio testified that he told Mr. DeCorte that he would not sign the written proposal unless there was an agreement on a deadline for completion of the pool and liquidated damages for late delivery. Mr. Du-vio also testified that he and Mr. DeCorte orally agreed in December 2007 that if the swimming pool was not completed in four months, Mr. Duvio would be entitled to $500 per day in liquidated damages. Mr. Duvio testified that Mrs. Duvio was present during this oral agreement. Mr. Du-vio also discussed a July 9, 2008 e-mail from Mrs. Duvio to Mr. DeCorte in which she reminded him about their “verbal contract” to complete the pool in “three months, plus a month-and-a-half extension.” Mr. Duvio testified that his wife’s statement in this e-mail that “[t]he days are counting” referred to the $500 per day in liquidated damages.
During Mr. Duvio’s case-in-chief, Mr. DeCorte testified that he and Mr. Duvio “never discussed liquidated damages at any time.” But when Mr. DeCorte was presented with his contrary deposition testimony, he admitted that Mr. Duvio told him “[w]hoever I decide to hire to build this pool, they’re going to probably need to have some stipulation in there, liquidated damages.” When Mr. DeCorte was asked to further describe this discussion with Mr. Duvio regarding liquidated damages, Mr. DeCorte testified that he didn’t “recall the details.” Mr. DeCorte also testified that he and Mr. Duvio discussed that there would be a “stipulation” or “consequences” if the pool was not completed timely, but Mr. DeCorte again could not recall any details.
*1019 Q. My question is you agree that when you testified that he [Mr. Duvio] told you he wanted liquidated damages, that he wanted | ¡¡there to be consequences, that you also testified you didn’t recall the specific discussions or what those consequences would be. Isn’t that correct?
A. That is correct.
In denying Specialty Pools’ motion for a directed verdict, the trial court stated, “I believe for purposes of a directed verdict, there [was] sufficient evidence to go forward for the jury to make that determination [regarding an oral agreement].”
 A trial court has much discretion in determining whether or not to grant a motion for directed verdict. Yount v. Lafayette Ins. Co., 08-0380, p. 8 (La. App. 4 Cir. 1/28/09), 4 So.3d 162, 167. “Evaluations of credibility have no place in a decision on a motion for a directed verdict. Making credibility evaluations is one of the primary duties of a jury and the trial court may not take this duty from the jury unless the party opposing the directed verdict has failed to produce sufficient evidence upon which reasonable and fair-minded persons could disagree.” Wichser v. Trosclair, 99-1929, at p. 4 (La.App. 4 Cir. 2/28/01), 789 So.2d 24, 27.
A directed verdict is properly granted only when, considering all of the evidence in the light most favorable to the movant’s opponent, it is clear that the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not reach a contrary verdict. Price v. Law Firm of Alex O. Lewis, III & Assocs., 04-0806, p. 2 (La.App. 4 Cir. 3/2/05), 898 So.2d 608, 610; Roberson v. August, 01-1055, p. 4 (La.App. 4 Cir. 5/29/02), 820 So.2d 620, 624 (“A directed verdict is appropriate only when the evidence overwhelmingly points to one conclusion.”).
|4Even without Mrs. Duvio’s trial testimony, Mr. Duvio has produced sufficient evidence upon which reasonable and fair-minded persons could disagree. And considering all of the evidence in the light most favorable to Mr. Duvio, the facts and inferences drawn from the evidence presented in Mr. Duvio’s case-in-chief, including Mr. DeCorte’s testimony, do not point so “strongly and overwhelmingly” in favor of Specialty Pools that reasonable jurors could not arrive at a contrary verdict. Thus, we reaffirm our conclusion that the trial court did not err in denying Specialty Pools’ motion for a directed verdict, and allowing the jury to decide the issue of liquidated damages.
For these reasons, we grant a limited rehearing, amend our original opinion, and affirm as amended.
LIMITED REHEARING GRANTED; ORIGINAL OPINION AMENDED; AFFIRMED AS AMENDED