Brenda Brown, 4127 Paris Avenue, New Orleans, LA 70122, PLAINTIFF/APPELLANT/IN PROPER PERSON
Donna Powe Green, Brittany F. Mallion, GREEN LAW FIRM, P.A., 32 Office Park Drive, P.O. Box 17947, Hattiesburg, MS 39404, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Paula A. Brown )
Judge Daniel L. Dysart *1116 Brenda Brown appeals the involuntary dismissal of her lawsuit by the trial court. For the reasons that follow, we affirm.
BACKGROUND:
On February 25, 2007, the vehicle which Ms. Brown was driving was struck from behind by a vehicle being driven by Homer Sargent, as she was stopped at a red light on Bayou Road at N. Broad Street in New Orleans. Mr. Sargent was working for Evans Environmental and Geological Science and Management, LLC,[1] at the time of the accident. Both vehicles had been rented from Enterprise Car Rental.
In her petition, Ms. Brown alleged that as a result of the accident, she sustained personal injuries that entitled her to damages for past, present and future physical pain and suffering, and past, present and future lost wages and earning capacity. She also sought damages for diminished quality of life and severe emotional and mental distress.
After many years of litigation, this matter went to trial on June 20, 2016, with Ms. Brown representing herself. At the close of plaintiff's case, the defendants moved for an involuntary dismissal pursuant to La. Code Civ. Proc. art. 1672 B.[2] After a brief recess to allow the trial court to review Ms. Brown's evidence, the trial court allowed the parties to argue the merits of the motion for involuntary dismissal. The trial court granted the motion and gave oral reasons for its decision.
Ms. Brown now appeals.
DISCUSSION:
In her sole assignment of error, Ms. Brown argues that the trial court erred in failing to find that she should be compensated under the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851, et seq.
The Louisiana Motor Vehicle Safety Responsibility Law sets forth a mandatory, comprehensive scheme to provide financial protection to those involved in motor vehicle accidents. See Adams v. Thomas, 98-2003, 98-2005, pp. 3-4 (La.4/13/99), 729 So.2d 1041, 1043 ; Simms v. Butler , 97-0416, p. 2 (La. 12/2/97), 702 So.2d 686, 687. The statutes require that the owner of every motor vehicle registered in this state, with limited exceptions, *1117 obtain proof of security prior to registration, renewal of registration, application for an inspection certificate, and/or application for a driver's license.
As these statutes clearly have no application to the case at hand, we find no merit to Ms. Brown's assignment of error. However, as she is proceeding pro se , we will address the merits of the trial court's judgment granting an involuntary dismissal.
An involuntary dismissal should be granted only if the plaintiff fails to prove his case by a preponderance of the evidence. Kelly v. Housing Authority of New Orleans, 02-0624, p. 5 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 574. The relevant criteria for review of a trial court judgment granting an involuntary dismissal are: 1) The judge must weigh and evaluate all the evidence presented to that point and determine whether the plaintiff established a prima facie case by a preponderance of the evidence; 2) Unlike the motion for directed verdict in a jury trial, the trial judge reviews the evidence without any special inference favorable to the party opposed to the motion; and, 3) A dismissal pursuant to Article 1672 should not be reversed absent manifest error. Id., 02-0624, p. 6, 826 So.2d at 575 (quoting Morgan v. City of New Orleans , 94-0874 (La.App. 4 Cir. 12/15/94), 647 So.2d 1308 ).
Our review of the record indicates that the trial court was extremely lenient with Ms. Brown, and that defense counsel extended every courtesy to her as a pro se litigant. At a pre-trial conference on May 12, 2016, which the trial court placed on the record, defense counsel agreed to allow Ms. Brown to enter medical records into evidence although they had not been properly certified. Counsel also agreed to meet with Ms. Brown ahead of trial to agree on stipulations for admission of certain evidence. The trial court explained to Ms. Brown that cut-off dates for discovery are necessary to prevent prolonged litigation, and denied Ms. Brown's requests to enter medical records obtained after the cut-off. Defense counsel also attempted to settle the case, stating:
Your Honor, one last shot at discussing settlement. We're nine years into this case. There is no evidence that has come forward that's going to justify the two and a half million dollar demand we have. I have an unseemly amount of authority and I've already offered it based on things that happened before I ever got involved in this lawsuit. Can the Court provide us any assistance in discussing the merits of settlement and not rolling the dice for trial?
The judge asked Ms. Brown if she was interested in discussing settlement, explaining that it was completely up to her. Ms. Brown responded, "No, I'm not, Your Honor."
The case proceeded to trial on June 20, 2016. Ms. Brown called two witnesses: Keiotia Brown Watson, Ms. Brown's daughter, a former plaintiff and a passenger in the vehicle at the time of the accident; and, Homer Sargent, a defendant and the driver of the offending vehicle. In addition, she offered excerpts from the deposition of her treating physician, Dr. Craig Kuhns; a photo of what she claimed was proof of the damage to the vehicle; a letter from the Social Security Administration, which was offered as proof of her disability; a news article offered as proof of quantum; and, a document identifying the corporate headquarters of defendant, Evans Environmental.
Ms. Watson was called as a fact witness. Ms. Watson testified concerning the events surrounding the accident. On cross-examination, she denied having any knowledge of Ms. Brown's current condition. She knew Ms. Brown had seen a physician and that she claimed to have back and neck *1118 injuries, but she knew nothing beyond that.
Mr. Sargent was questioned on direct as to the facts surrounding the accident. Defense counsel reserved questions until the defense's case-in-chief.
Ms. Brown designated excerpts from the deposition of Dr. Kuhns to be entered into evidence. Dr. Craig Kuhns, a board certified orthopedic surgeon, with whom Ms. Brown treated in Missouri, testified that he could not determine the source of Ms. Brown's pain, but opined that it was related to C5-6 arthritis and stenosis. He stated that he did not have any of Ms. Brown's prior medical records or x-rays, and that without those, he could not state whether Ms. Brown's need for surgery was a result of the accident in question, or whether it was due to pre-existing degenerative problems that progressed on their own.
At the close of plaintiff's case, the defendants moved for an involuntary dismissal. The trial court explained to Ms. Brown in great detail exactly what it meant to have her case dismissed involuntarily. The trial court recessed to read and review the evidence submitted by Ms. Brown. Upon reconvening, the trial court granted the involuntary dismissal and stated:
I went through the elements of the case that you have to prove in order to win, and you have to prove it in your case. ...
And you have not proven that you suffered injuries that were related to this accident. I read the pages of Dr. Kuhns' deposition that you cited and he repeatedly says he can't say one way or the other. It's not enough to prove that something is possible, if he says it's possible that it happened. ...
You've got to tilt the scales in your favor. It's got to be more probable than not, and you haven't met that. And you need to prove that with competent medical evidence, and you haven't offered [any].
Based on our review of the record and the factual findings of the trial court, we cannot say that the trial court's findings were manifestly erroneous.
Accordingly, we affirm the judgment granting the defendant's motion for involuntary dismissal.
AFFIRMED

Originally, Ms. Brown's passengers and their minor children were plaintiffs in this case, but they voluntarily dismissed all claims against all defendants prior to trial, leaving Ms. Brown as the sole plaintiff. Additionally, Enterprise Leasing Company was voluntarily dismissed from the suit by consent judgment.

La. Code Civ. Proc. art. 1672 B provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.