| | | |
|---|---|---|
| **THOMAS ANDERSON, ET AL** | * | NO. 2025-C-0075 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CITY OF NEW ORLEANS, ET AL** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2000-07489, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

Andrew R. Lee,
Edward F. Lebreton, III
Meghan Smith
Tarak Anada
Marisa Del Turco
JONES WALKER LLP
201 St. Charles Ave, Suite 5100
New Orleans, Louisiana 70170

Jason Rogers Williams
Nicole Burdett
JASON WILLIAMS & ASSOCIATES, LLC
607 St. Charles Avenue, Ste 300
New Orleans, Louisiana 70130

      COUNSEL FOR RELATOR-DEFENDANT

Jennifer N. Willis
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119

Gary J. Gambel
MURPHY, ROGERS, SLOSS, GAMBEL & TOMPKINS
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139

A.M. "Tony" Clayton
D'Ann R. Penner
CLAYTON FRUGE WARD
3741 Louisiana Highway 1 South
Port Allen, Louisiana 70767

  COUNSEL FOR RESPONDENTS-PLAINTIFFS

**WRIT GRANTED; REVERSED AND REMANDED**
**APRIL 7, 2025**

KKH
DLD
RML
SCJ

Relator-Defendant, Pan-American Life Insurance, Co. ("Pan-Am"), seeks review of the trial court's December 18, 2024 judgment, which granted the motion for directed verdict filed by the Respondents-Plaintiffs, Thomas Anderson, Pamela Davenport, Evelle Thomas, June Harvey, Joseph Wong ("Plaintiffs"). For the following reasons, we grant the writ application, reverse the trial court's judgment, and remand the matter for further proceedings.

**FACTUAL SUMMARY AND PROCDURAL HISTORY**

In 2000 Plaintiffs filed a petition for damages, alleging they suffered injuries as a result of their exposure to hazardous chemicals located at their workplace, 2400 Canal St., a building owned by the City of New Orleans ("City"). Plaintiffs later amended the petition and added Pan-Am as a defendant, alleging Pan-Am owned the building until August of 1982 and placed the chemicals in the building. Plaintiffs then filed a fourth amended petition alleging Pam-Am sold the building to Poydras Square Properties, L.L.C., and the corporate predecessor of NID, in 1982. Plaintiffs further alleged NID rented the building to the City, but did not remove the hazard.

Trial commenced on April 16, 2024, and after Pan-Am rested its case-in-chief., Plaintiffs orally moved for a directed verdict. Plaintiff later filed a written memorandum in support, contending that NID never occupied 2400 Canal St., but merely purchased and immediately leased the property to the City. Plaintiffs averred NID did not acquire the hazardous chemicals. Thus, Plaintiffs concluded NID could not be found liable for the presence of the hazardous materials. As such, Plaintiffs maintained they were entitled to a directed verdict on Pan-Am's affirmative defense asserting the comparative fault of NID.

Pan-Am filed an opposition to the motion for directed verdict averring the motion was procedurally improper and premature. The trial court granted Plaintiffs' motion for directed verdict on December 18, 2024. Pan-Am thereafter sought writs with this Court.

**APPLICABLE LAW AND DISCUSSION**

***Directed Verdict***

This Court stated a trial court "is vested with 'much discretion'" in granting or denying a directed verdict motion. *Moulds v. Louisiana Stadium & Exposition Dist.*, 2021-0503, p. 26 (La. App. 4 Cir. 3/23/22), 336 So.3d 920, 937 (quoting *Price v. Law Firm of Alex O. Lewis, III & Assocs.*, 2004-0806, p. 2 (La. App. 4 Cir. 3/2/05), 898 So.2d 608, 610). This Court further averred, "[a]ppellate courts review a ruling on a directed verdict by determining 'whether reasonable persons could not reach a contrary verdict under the evidence.'" *Id.*, 2021-0503, pp. 26-27, 336 So.2d at 937. This Court explained:

> What this means is that the discretion of the trial court is really a discretion to deny the motion, not a discretion to grant the motion. In other words, it would not be error for a trial court to deny a directed verdict where reasonable men might disagree with the trial court decision to deny the motion for directed verdict, but it would be error to grant the motion where reasonable men might disagree with the decision to grant it.

2

*Moulds*, 2021-0503, pp. 27, 336 So.3d at 937 (quoting *Wichser v. Trosclair*, 99-1929, p. 5 (La. App. 4 Cir. 2/28/01), 789 So.2d 24, 27).

The statute allowing a party to move for a directed verdict is found in Title V, Chapter 7. Jury Trials within the Code of Civil Procedure. Specifically, that applicable provision provides:

> A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

La. C.C.P. art. 1810. In examining La. C.C.P. art. 1810, this Court determined that "[t]he motion for directed verdict is a procedural device available in a jury trial to promote judicial economy." *Johnson v. Transit Mgmt. of Se. Louisiana, Inc.*, 2017-0793, p. 6 (La. App. 4 Cir. 2/28/18), 239 So.3d 973, 978 (citing *Seither v. Winnebago Indus., Inc.*, 2002-2091, p. 3 (La. App. 4 Cir. 7/2/03), 853 So.2d 37, 39). Considering La. C.C.P. art. 1810's placement in the Title addressing procedures for jury trials and use of the word, "jury" in the Article, coupled with *Johnson*, the trial court erred in granting the motion for directed verdict during a bench trial. Plaintiffs sought a remedy that was procedurally unavailable.

### *Involuntary Dismissal*

During a bench trial, a party may move for an involuntary dismissal. The First Circuit indicated a "misdesignation" or misnaming of a motion for involuntary dismissal as a motion for directed verdict is "an error of form over substance; we consider them both the same motion." *Andersen v. Succession of Bergeron*, 2016-0922, p.7 n.8 (La. App. 1 Cir. 4/12/17), 217 So.3d 1248, 1254 (citing *Gillmer v. Parish Sterling Stuckey*, 2009-0901, p. 3 n.2 (La. App. 1 Cir.

3

12/23/09), 30 So.3d 782, 785). Accordingly, we address Plaintiffs' motion for directed verdict as a motion for involuntary dismissal.

In reviewing a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672, this Court determined a reversal is not warranted absent manifest error. *Brown v. Sargent*, 2017-0838, p. 3 (La. App. 4 Cir. 3/21/18), 241 So.3d 1115, 1117.

La. C.C.P. art. 1672(B) provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

La. C.C.P. art. 1672(B) thus allows a party, after the plaintiff has completed the presentation of his evidence, to move for a dismissal as to him when the facts and law reveal that plaintiff did not prove the right to relief.

One rule of statutory construction provides that, "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written." La. C.C.P. art. 9. In this instance, La. C.C.P. art. 1672(B) permits a party to seek dismissal of a claim asserted against that party. *See also Filson v. Windsor Court Hotel*, 2004-2893, p. 9 (La. 6/29/05), 907 So.2d 723, 729-30 (wherein the Supreme Court stated a motion for involuntary dismissal is the procedural device for a party to seek dismissal of the claims against it). Application of La. C.C.P. art. 1672(B) as written, allowing a party to only seek dismissal of a claim asserted against that party, will not lead to absurd results.

Here, Plaintiffs are not seeking to dismiss any claim asserted against them. Instead, Plaintiffs are seeking to prohibit the trial court from allocating fault to NID, a different party/entity. La. C.C.P. art. 1672(B) limits Plaintiffs to seeking

4

dismissal of a claim asserted against them, not a claim asserted against NID. Accordingly, Plaintiffs are not afforded this procedural remedy.

**CONCLUSION**

For the above stated reasons, we find that the trial court erred in granting the Plaintiffs' "motion for directed verdict" and reverse the trial court's December 18, 2024 judgment. Additionally, we remand the matter for further proceedings.

**WRIT GRANTED; REVERSED AND REMANDED**